[645 NYS2d 333]

In the Matter of KENNETH YARTER, JR., Petitioner, v ROBERT M. WINN, as District Attorney of the County of Washington, et al., Respondents.

Third Department, June 6, 1996

### APPEARANCES OF COUNSEL

*Joseph H. Oswald, Public Defender* of Washington County, Fort Edward, for petitioner.

*Robert M. Winn, District Attorney* of Washington County, Fort Edward *(NancyLynn S. Ferrini* of counsel), respondent *pro se.*

### OPINION OF THE COURT

CREW III, J. P.

In July 1974, petitioner was indicted by a Washington County Grand Jury and charged with murder in the second degree and rape in the first and third degrees. County Court thereafter granted petitioner's motion to suppress certain oral and written statements made by him to the police. Respondent Washington County District Attorney (hereinafter respondent) appealed County Court's interlocutory decision to this Court

pursuant to CPL 450.20 (8). This Court affirmed the order of suppression, as did the Court of Appeals (see, *People v Yarter*, 51 AD2d 835, *affd* 41 NY2d 830, *cert denied* 433 US 910). As a result, the criminal charges against petitioner were dismissed.

In April 1995, respondent resubmitted the case against petitioner to a Grand Jury, adducing newly discovered evidence in the form of testimony from seven witnesses. The first witness testified that on the date of the victim's disappearance, she saw petitioner's car in the field where the victim's body was later found. The remaining six witnesses testified that on various dates since petitioner's release from custody on the original charges, petitioner had admitted his guilt of the victim's abduction and murder. The Grand Jury returned an indictment against petitioner, again charging him with murder in the second degree and rape in the first and third degrees. Petitioner thereafter commenced this proceeding to bar respondent from prosecuting him a second time on the same charges that were contained in the original indictment.

As a starting point, we recognize that when a defendant's motion to suppress evidence is granted, the People may only appeal such determination upon the condition that they file a statement asserting that they cannot prevail at trial without such evidence (see, CPL 450.20 [8]; 450.50 [1]). In the event that the appeal is unsuccessful, the taking of the appeal bars further prosecution of the indictment (see, CPL 450.50 [2]). The issue presented here is whether the People may prosecute defendant by way of a superseding indictment obtained by reason of evidence discovered after the filing of the aforesaid statement, notwithstanding the provisions of CPL 450.50 (2).

The Court of Appeals has instructed that CPL 450.50 (2) "constitutes a bar to the prosecution of * * * a defendant for the crimes charged in the original indictment, and that [the] prohibition may not be evaded by * * * a superseding indictment charging the defendant with the commission of [the] same crimes, at least in the absence of exceptional circumstances" (*Matter of Forte v Supreme Ct.*, 48 NY2d 179, 182). The Court reasoned that to allow the People to avoid the bar against future prosecution simply by seeking a superseding indictment would frustrate the Legislature's purpose of discouraging frivolous appeals (see, *supra*, at 188). The questions before us, therefore, are whether such extraordinary circumstances exist here and, further, whether permitting prosecution on the superseding indictment in the case at bar frustrates the Legislature's purpose in enacting CPL 450.50 (2).

Here the People discovered additional inculpatory evidence after filing their CPL 450.50 (1) statement, in some instances 20 years later. Quite clearly, this was not evidence available to the People at the time of their appeal (*compare*, *Matter of Forte v Supreme Ct.*, *supra*, at 182, n 1), and in our view, the facts presented here constitute the kind of exceptional circumstances envisioned by the Court of Appeals in *Matter of Forte v Supreme Ct.* (*supra*). Additionally, inasmuch as the newly discovered evidence upon which the superseding indictment was based was unavailable at the time of the filing of the CPL 450.50 (1) statement, the taking of the appeal clearly was not frivolous and the rule we espouse today will not encourage such appeals. Interpreting the statute in this way will strike an appropriate balance between the Legislature's concern for limiting appeals from interlocutory orders in criminal cases and society's interest in seeing criminal offenders brought to justice. As a final matter, we reject petitioner's contention that the People were required to seek judicial approval before resubmitting the case to another Grand Jury.

WHITE, YESAWICH JR., PETERS and SPAIN, JJ., concur.

Adjudged that the petition is dismissed, without costs.