OPINION OF THE COURT
 

 Bellacosa, J.
 

 Defendant appeals, by a grant of leave from a Judge of this Court, and raises one issue. The question is whether inculpatory statements relating to the murder indictment involved here, taken by the police from defendant after a waiver of and in the absence of counsel, should be suppressed. Defendant made the statements after arrest on a parole violation, and they were unrelated to a pending misdemeanor case against him as to which counsel had previously been assigned. County
 
 *498
 
 Court suppressed the statements; the Appellate Division reversed, denied suppression and remitted for proceedings on the indictment.
 

 We hold that suppression is not required. Defendant-appellant’s right to counsel is not violated
 
 (People v Rogers,
 
 48 NY2d 167) and no derivative right to counsel survives
 
 People v Bing
 
 (76 NY2d 331). Accordingly, we affirm the order of the Appellate Division.
 

 On March 21, 1993, defendant was arrested and charged with criminal possession of a controlled substance in the seventh degree and resisting arrest, charges not at issue on this appeal. Defendant falsely identified himself and a warrant check on the name given revealed no outstanding warrants. While waiting to be processed on the misdemeanors, defendant volunteered information to the police pertaining to an unrelated homicide. Officers interviewed defendant, and he freely gave a statement containing significant information about the homicide.
 

 The following day, defendant was arraigned in Syracuse City Court on the misdemeanors. Because he appeared without counsel, the court entered pleas of not guilty and recorded the assignment of counsel from the Hiscock Legal Aid Society under his alias name. Defendant was then released on his own recognizance.
 

 A few days later, the police learned defendant’s true identity and he was arrested on a separate parole violation. After being advised of his
 
 Miranda
 
 rights, defendant waived his right to counsel and agreed again to discuss the homicide with the police. By this time, the interrogating officers were aware that defendant, under the given alias, had been assigned counsel in the pending misdemeanor case. During this concededly custodial interview — the one at issue on this appeal — defendant contradicted some of his earlier statement to the police about the homicide, but also made inculpatory statements. Based partly on these statements, defendant was then charged with two counts of murder in the second degree and other crimes associated with the homicide. This appeal relates solely to the inculpatory statements made in connection with this homicide indictment.
 

 Following a
 
 Huntley
 
 hearing, Onondaga County Court granted defendant’s motion to suppress his statements based on its conclusion that defendant’s right to counsel was violated. The Appellate Division, Fourth Department, reversed and
 
 *499
 
 denied suppression, holding that the defendant was not actually represented on any pending charge at the time he made the challenged statements.
 

 The sum and substance of appellant’s argument is that
 
 People v Rogers
 
 (48 NY2d 167, supra) contains a derivative right to counsel rule that is still operative after this Court’s holding in
 
 People v Bing
 
 (76 NY2d 331, 350,
 
 supra).
 
 While the
 
 Rogers
 
 holding is surely extant, its nature, scope and interpretation do not include the derivative right defendant advocates here.
 

 In
 
 People v Rogers (supra),
 
 this Court held that "once an attorney has entered the proceeding, thereby signifying that the police should cease questioning, a defendant in custody may not be further interrogated in the absence of counsel”
 
 (supra,
 
 at 169).
 
 People v Bartolomeo
 
 (53 NY2d 225) built a different and significantly expanded right to counsel rule atop
 
 Rogers’
 
 holding. After
 
 Bartolomeo,
 
 and until
 
 Bing,
 
 a duty to inquire was imputed to the police when a defendant was in custody and being questioned, and was represented by counsel on a prior, separate, unrelated charge. This legal fiction and consequent duty produced an across-the-board suppression as to all statements derived from questioning of a defendant in the absence of counsel in connection with any criminal conduct
 
 (id.,
 
 at 231). Simply put, waiver of counsel in the absence of counsel could almost never be effective.
 
 People v Bing
 
 (76 NY2d 331,
 
 supra)
 
 put an end to that extreme restriction by overruling
 
 Bartolomeo.
 

 The
 
 Bartolomeo
 
 right to counsel was properly characterized as "derivative” because the right piggy-backed solely on a defendant’s prior representation in unrelated proceedings; it did not hinge on or relate to the matter for which a defendant was then in custody and being questioned
 
 (see, People v West,
 
 81 NY2d 370, 378;
 
 People v Bing,
 
 76 NY2d 331, 342,
 
 supra).
 
 Under
 
 Bartolomeo,
 
 the police were charged with an affirmative duty to inquire whether a defendant was represented in any unrelated criminal matter of which they had knowledge and were chargeable with the knowledge of what such an inquiry would have revealed. Thus, even though the interrogating officers in
 
 Bartolomeo
 
 had no knowledge that the defendant was actually represented by counsel and the defendant had voluntarily waived the right to counsel, this Court held that testimony concerning the defendant’s statements had to be suppressed nonetheless
 
 (People v Bartolomeo, supra,
 
 53 NY2d, at 231). The rationale was that the officers were aware that the
 
 *500
 
 defendant had been arrested earlier on an unrelated charge and were deemed to have knowledge of the defendant’s representation upon that charge
 
 (id.).
 

 Soon after the promulgation of the
 
 Bartolomeo
 
 extension, this Court found it necessary to start reining it in
 
 (see, e.g., People v Bertolo,
 
 65 NY2d 111, 118-119;
 
 People v Fuschino,
 
 59 NY2d 91, 98; and
 
 People v Servidio,
 
 54 NY2d 951, 952-953 [police must have actual knowledge of defendant’s representation on prior charge for right to counsel to be violated];
 
 People v Rosa,
 
 65 NY2d 380, 387 [defendant has burden of showing representation on pending charge];
 
 People v Lucarano,
 
 61 NY2d 138, 148 [police authorized to reasonably accept defendant’s disclaimer of prior representation];
 
 see also, People v Robles,
 
 72 NY2d 689, 699; and
 
 People v Mann,
 
 60 NY2d 792, 794 [no derivative right to counsel exists where prior charges have been dismissed]). After eight years of experience, this Court determined that the
 
 Bartolomeo
 
 rule lacked any "principled basis which justifies its social cost”
 
 (People v Bing,
 
 76 NY2d 331, 349,
 
 supra).
 

 In
 
 People v Bing
 
 (three separate cases decided under one rubric) as in
 
 Bartolomeo,
 
 the defendants sought suppression of their otherwise voluntarily offered statements given after they had received
 
 Miranda
 
 warnings and waived their right to counsel in the absence of counsel. We held that the unworkability and lack of doctrinal justification for the
 
 Bartolomeo
 
 rule proved the need for its abandonment
 
 (People v Bing,
 
 76 NY2d 331, 338,
 
 supra).
 
 The Court explained that
 
 Bartolomeo
 
 lacked justification for expanding the scope and nature of the prior
 
 Rogers
 
 holding "to protect a suspect against self-incrimination on the new crime unrelated to the matter upon which defendant actually obtained representation”
 
 (People v Bing, supra,
 
 at 341). To be sure,
 
 Rogers
 
 itself was expressly retained, while the Court declared that "there is little to be said for a [derivative] rule which is not firmly grounded on prior case law, cannot be applied uniformly, favors recidivists over first-time arrestees, and exacts such a heavy cost from the public”
 
 (People v Bing, supra,
 
 76 NY2d, at 350).
 

 The defendant grasps at the express preservation of
 
 Rogers
 
 in
 
 Bing
 
 as the basis for asserting the continued existence of a derivative right to counsel. On that basis alone, he urges suppression. This argument is not supportable, because
 
 Bing
 
 unequivocally eliminates any right to counsel derived solely from a defendant’s representation in a prior unrelated proceeding
 
 (People v Bing,
 
 76 NY2d 331, 350,
 
 supra).
 

 
 *501
 
 Indeed,
 
 People v Cawley
 
 (76 NY2d 331), decided with
 
 Bing,
 
 particularly demonstrates the operation, meaning and application of these principles. In
 
 Cawley,
 
 defendant was charged in New York with robbery in the second degree. Following an arraignment at which counsel was present, defendant was released on bail and thereafter absconded. Defendant was returned to New York on a bench warrant six months later. Upon interrogation by a police officer who was unaware of defendant’s prior representation, defendant waived his
 
 Miranda
 
 rights in the absence of counsel and gave inculpatory statements about crimes unrelated to the pending robbery charge, including two murders and a robbery. This Court noted that the
 
 Bartolomeo
 
 rationale could not be rationally applied to suppress the defendant’s otherwise entirely voluntary statements in a case such as
 
 Cawley,
 
 and held that there was no violation of the defendant’s counsel rights
 
 (People v Cawley,
 
 76 NY2d 331, 347,
 
 supra).
 

 The facts of the instant case contain significant similarities and even produce an a fortiori application to those resolved in
 
 Cawley
 
 as part of the
 
 Bing
 
 analysis. Defendant here was released on his own recognizance after providing an alias and was later arrested for a parole violation unrelated to the pending drug charges. Defendant not only failed to assert any right to counsel, but freely and voluntarily waived all such rights.
 

 Thus, the salient facts of this case fit readily within
 
 Bing’s
 
 control, and the statements made by the defendant should not be suppressed based on any surviving derivative right to counsel. The reason is simple. There is no such right after
 
 Bing,
 
 because there was none before Bartolomeo;
 
 Rogers,
 
 as a precedent within its own class of counsel cases, never was about a derivative right to counsel.
 

 Importantly,
 
 Rogers
 
 establishes and still stands for the important protection and principle that once a defendant in custody on a particular matter is represented by or requests counsel, custodial interrogation about any subject, whether related or unrelated to the charge upon which representation is sought or obtained, must cease
 
 (People v Rogers,
 
 48 NY2d 167, 171, supra;
 
 see also, People v Cunningham,
 
 49 NY2d 203, 205;
 
 People v Arthur,
 
 22 NY2d 325, 329;
 
 compare, People v LaClere,
 
 76 NY2d 670, 672;
 
 compare also, Edwards v Arizona,
 
 451 US 477, 484-485;
 
 Arizona v Roberson,
 
 486 US 675, 683-684).
 

 Defendant’s attempt to extend those important representational protections with another artificial derivative right to
 
 *502
 
 counsel, by making
 
 People v Rogers
 
 something it never was, is based on a serious misreading of
 
 Bing.
 
 Indeed,
 
 Bing
 
 carefully differentiated the holdings of
 
 Bartolomeo
 
 and
 
 Rogers:
 
 "In
 
 People v Rogers (supra),
 
 the right to counsel had been invoked on the
 
 charges on which defendant was taken into custody and he and his counsel clearly asserted it.
 
 * * * In
 
 People v Bartolomeo (supra),
 
 however, defendant was taken into custody for questioning on a new, unrelated charge. He was not represented on that charge and freely waived his right to counsel”
 
 (People v Bing,
 
 76 NY2d 331, 350,
 
 supra
 
 [emphasis added];
 
 see, People v Robles,
 
 72 NY2d 689, 698,
 
 supra ["Rogers
 
 established a * * * limited right with respect to unrelated charges in order to protect the * * * right to counsel in the pending proceeding”]). Thus,
 
 Bing
 
 could not be clearer that the
 
 Rogers
 
 right to counsel bars questioning on unrelated matters only when a defendant is in custody on the initial charge upon which the right to counsel has attached. It does not extend to questioning and result in suppression when the defendant is subsequently taken into custody on an unrelated charge, under circumstances as occurred in this case
 
 (Bing, supra,
 
 at 350;
 
 see also,
 
 Note,
 
 Interaction Between State and Federal Right to Counsel: The Overruling of Bartolomeo,
 
 8 Touro L Rev 191, 228 [1991]).
 

 In sum, we hold that in a subsequent custodial interrogation about matters unrelated to the charge upon which a defendant was assigned counsel in a prior separate proceeding, the suspect is competent to waive the right to counsel in the absence of counsel as to such matters. Defendant did just that here, and the Appellate Division, therefore, correctly ruled that suppression should be denied and the matter should proceed on the indictment.
 

 Accordingly, the order of the Appellate Division should be affirmed.
 

 Chief Judge Kaye and Judges Simons, Titone, Smith, Levine and Ciparick concur.
 

 Order affirmed.