[649 NYS2d 949]

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v FRANCIS
J. BURDO, Respondent.

Third Department, November 7, 1996

### APPEARANCES OF COUNSEL

*Penelope D. Clute, District Attorney* of Clinton County, Platts-
burgh *(Catherine M. Paul* of counsel; *Evelyn M. Tenenbaum* on
the brief), for appellant.

*Maryanne Bukolt,* Plattsburgh, for respondent.

## OPINION OF THE COURT

YESAWICH JR., J.

On December 12, 1994, at the Clinton County Jail, Senior Investigator Richard Sypek, together with a fellow State Police investigator and a Plattsburgh City Police detective, interviewed defendant concerning the murder of Leo Gebo. Defendant, who was being held at the jail on assault and rape charges, was represented by counsel on those charges, a fact known to the interviewing officers.

Defendant was escorted to the jail's library where Sypek read defendant his *Miranda* rights. Sypek informed defendant that he knew of his representation by counsel, but that he wished to discuss with him matters unrelated to his current arrest. When asked if he understood his rights, defendant indicated that he did and agreed to speak with the officers. Sypek informed defendant that he was being questioned because defendant's uncle had given a statement regarding the latter's involvement in Gebo's death, to which defendant replied that his uncle was not involved. The officers then mentioned that a third person may have been implicated, to which defendant responded, "What third person?", got up and returned to his cell.

Approximately 15 minutes later, after briefly speaking with his captain, Sypek asked to see defendant again. This time Sypek told defendant that he agreed with him that no third person was involved, and defendant replied, "Now you got it." The interview continued, with defendant ultimately accepting responsibility for Gebo's death and signing a written confession.

Defendant was thereupon indicted on two counts of murder in the second degree, one count of kidnapping in the first degree and two counts of robbery in the first degree. Defendant, via an omnibus motion, moved to suppress his written and oral statements. After a *Huntley* hearing was held at which the above facts were elicited, County Court granted defendant's motion to suppress. The People appeal. We affirm.

In *People v Rogers* (48 NY2d 167), the Court of Appeals explicitly ruled that "once an attorney has entered the proceeding, thereby signifying that the police should cease questioning, a defendant in custody may not be further interrogated in the absence of counsel" (*supra,* at 169). Nor may the police

"seek a waiver of this right, except in the presence of counsel" (*supra*, at 173). Although the extension of this rule adopted in *People v Bartolomeo* (53 NY2d 225) was later abandoned (*see, People v Bing*, 76 NY2d 331), the general principle has not been abrogated, insofar as it applies to the questioning of an individual who is in custody on a pending charge and who is known to have retained or requested counsel in connection therewith (*see, People v Steward*, 88 NY2d 496, 501; *cf., People v Bing, supra*, at 350).

More recently, in *People v Steward* (*supra*), the defendant, under an alias, was arrested and charged with two misdemeanor offenses; while waiting to be processed, he volunteered information pertaining to an unrelated homicide. The following day, after he was arraigned on the misdemeanor charges and assigned legal counsel, he was released on his own recognizance. A few days later, the defendant's true identity was discovered and he was arrested for a separate parole violation, at which time he waived his right to counsel and agreed to again discuss the homicide. The defendant, based in part on his statements, was charged, *inter alia*, with murder in the second degree. In finding those statements admissible, the *Steward* Court noted—and the observation is critical to the disposition of this appeal—that the challenged interrogation had not occurred while the defendant was in custody on the earlier charges, as had been the case in *Rogers*. The Court unequivocally reasserted, however, that where, as here, a defendant is in custody on a particular matter, in connection with which he or she is represented by or has requested counsel, "custodial interrogation about any subject, whether related or unrelated to the charge upon which representation is sought or obtained, must cease" (*People v Steward, supra*, at 501).

Given the foregoing, the arguments set forth by the People and *amici curiae* are to no avail. The People first seize upon the requirement that an attorney must have "entered the proceeding[s]" (*People v Rogers, supra*, at 169), maintaining that because defendant's attorney did not specifically inform the police that no interrogation was to take place, no "entry" by counsel occurred. This interpretation is flawed. It is not open to dispute that a defendant's right to counsel attaches once an attorney has been retained or requested (*see, People v Bing, supra*, at 339), and that it is the attachment of that right in the earlier, pending case that forms the basis for the limitation on questioning (*see, People v Rogers, supra*, at 173; *cf., People v Robles*, 72 NY2d 689, 698). Inasmuch as defendant

concededly was represented by counsel on the pending charges, entry into the proceedings had occurred and further questioning of defendant while he was in custody was proscribed.

Next, the People and *amici curiae* contend that because defendant was free to leave the interrogation area, and in fact did so at one point, he was therefore not subject to coercive pressures and, hence, not "in custody". Whether defendant was vulnerable to coercion during questioning, however, is of no moment, for defendant was already in custody on rape and assault charges. That fact, without more, is enough to preclude questioning and a waiver of the right to counsel in the absence of counsel. While *amici curiae* assert that "*Rogers* does not stand for the broad proposition * * * that when the police know that a defendant is represented on charges for which he is in custody, they may not question him about the represented charges or any other charges", it is now unmistakably clear, as reemphasized in *People v Steward* (*supra*), that this is, indeed, the teaching of *Rogers*.

The People and *amici curiae* also urge that the rule established in *Rogers* was meant to exclude only those inculpatory statements which are related to the crime for which a defendant was actually represented. This, however, runs counter to the rationale underlying the *Rogers* holding, which was based, in part, upon the premise that "it is the role of defendant's attorney, not the State, to determine whether a particular matter will or will not touch upon the extant charge" (*People v Rogers, supra*, at 173).

As for the cases cited by the People and *amici curiae* in support of the result they espouse, they are distinguishable from the matter presently before us, for in none of those cases does it appear that the defendant was already in custody on a pending charge with respect to which he had legal representation. In sum, County Court's determination to suppress defendant's oral and written statements was not inappropriate.

CREW III, J. P., WHITE, CASEY and SPAIN, JJ., concur.

Ordered that the order is affirmed.