Carpinello, J.
Appeal from a judgment of the County Court of Clinton County (Ryan, J.), rendered September 8, 1999, convicting defendant upon his plea of guilty of the crimes of murder in the second degree, kidnapping in the first degree and robbery in the first degree.
While in custody on unrelated charges, defendant gave oral and written statements confessing to the 1993 kidnapping, robbery and murder of Leo Gebo in the Town of Altona, Clinton County. The People used this evidence to obtain an indictment, but County Court granted defendant’s motion to suppress the statements. On the People’s appeal {see CPL 450.20 [8]; 450.50), this Court affirmed the suppression of the statements as a product of custodial interrogation in violation of defendant’s right to counsel (People v Burdo, 224 AD2d 115 [1996], affd 91 NY2d 146 [1997]). On remand, County Court granted defendant’s motion, pursuant to CPL 450.50 (2), to dismiss the indictment.
In 1998, the People presented newly obtained evidence to a *794 second, grand jury, which returned a new indictment charging defendant with the crimes of murder in the second degree (three counts), robbery in the first degree (two counts), kidnapping in the first degree and criminal possession of a weapon. After extensive plea negotiations involving defendant and his uncle, who was separately charged as a participant in the crime, an agreement was reached whereby defendant would plead guilty to three counts of the indictment in exchange for a sentencing recommendation and an agreement permitting his uncle to plead guilty to reduced charges. Defendant thereafter pleaded guilty to murder in the second degree, robbery in the first degree and kidnapping in the first degree and waived his right to appeal. His motion to withdraw his guilty plea was denied without a hearing, and he was sentenced, as recommended, to concurrent prison terms aggregating 20 years to life to run concurrently with the sentence he was serving on the prior unrelated charges.
On appeal, defendant contends that he was under duress when he entered his guilty plea because his grandmother was present during the plea negotiations and pressured him to accept a deal that benefitted his uncle. We are unpersuaded. The record reflects that County Court conducted a thorough plea colloquy, wherein it ascertained that defendant fully understood the nature and consequences of his guilty plea. The court established that defendant was thinking clearly, was satisfied with his counsel’s representation, had not been coerced or threatened and was making his plea freely and voluntarily. Defendant proceeded to detail his commission of these crimes, and at no time professed his innocence. Under these circumstances, we conclude that defendant’s guilty plea was knowing, voluntary and intelligent (see People v Angus, 303 AD2d 829, 829-830 [2003], lv denied 100 NY2d 536 [2003]; People v McDonnell, 302 AD2d 619, 619-620 [2003], lv denied 100 NY2d 540 [2003]), and we see no abuse of discretion in County Court’s denial of his motion to withdraw the plea (see People v Kagonyera, 304 AD2d 984, 985 [2003]; People v Davis, 250 AD2d 939, 940 [1998]).
Defendant contends that the second indictment was defective due to the People’s failure to meet the CPL 210.20 (6) timeline requirements for seeking a new indictment, a claim that implicates the jurisdictional basis for the indictment and, thus, survives a guilty plea (see People v Harper, 243 AD2d 581, 581 [1997]). However, the CPL 210.20 (6) requirements do not apply in this case because the first indictment was dismissed pursuant to defendant’s CPL 450.50 motion. In such cases, the People are permitted to seek a new indictment only in exceptional circum *795 stances, such as here where new evidence is discovered that was unavailable at the time of the People’s appeal from the original indictment (see Matter of Forte v Supreme Ct., 48 NY2d 179, 189 [1979]; Matter of Yarter v Winn, 220 AD2d 1, 4 [1996], Iv granted 88 NY2d 809 [1996], appeal dismissed 89 NY2d 862 [1996]). The second indictment was based upon such newly discovered evidence and, thus, properly obtained.
Defendant’s remaining claims, which challenge the evidence before the grand jury on the second indictment, were waived as a consequence of his guilty plea (see People v Hansen, 95 NY2d 227, 233 [2000]; People v Robertson, 279 AD2d 711, 712 [2001], lv denied 96 NY2d 805 [2001]) and, in any event, are unavailing.
Cardona, EJ., Peters, Spain and Kane, JJ., concur. Ordered that the judgment is affirmed.