| |
|---|
| **Beckford v City of New York** |
| 2024 NY Slip Op 33649(U) |
| October 15, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 159320/2019 |
| Judge: James G. Clynes |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. JAMES G. CLYNES**          PART          **22M**

*Justice*

-------------------------------------------------------------------X

KENROY BECKFORD,

                                    Plaintiff,

                    - v -

THE CITY OF NEW YORK, THE NEW YORK CITY
DEPARTMENT OF TRANSPORTATION, THE NEW YORK
CITY DEPARTMENT OF ENVIRONMENTAL PROTECTION,
THE DANELLA COMPANIES, INC, DANELLA
CONSTRUCTION OF NY, INC, DANELLA LINE SERVICES
OF NY, INC, WAGER CONSTRUCTION CO, INC,
CONSOLIDATED EDISON, INC, CONSOLIDATED EDISON
COMPANY OF NEW YORK, INC, JOHN DOE AND JANE
DOE 1 TO 10 BEING UNKNOWN UNNAMED DEFENDANTS

                                    Defendants.

-------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 159320/2019 |
| **MOTION DATE** | 07/26/2023 |
| **MOTION SEQ. NO.** | 003 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 003) 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87

were read on this motion to/for          JUDGMENT - SUMMARY          .

Upon the foregoing documents and following oral argument, it is ordered that the motion by Defendant Wager Contracting Co., Inc., i/s/h/a Wager Construction Co., Inc., pursuant to CPLR 3212 for an Order granting summary judgment in its favor and dismissing Plaintiff's Complaint, and any and all cross-claims asserted against it, on the grounds that there are no genuine issues of material fact to be determined at trial with regard to movant's liability for Plaintiff's alleged accident is decided as follows:

Plaintiff seeks recovery for injuries allegedly sustained as a result of a July 3, 2018 accident where Plaintiff claims he was thrown from the back of a garbage truck due to a road plate.

Defendant Wager contends that there is no evidence of negligence by Defendant Wager because they did not perform work on the roadway so they did not cause or create the condition that Plaintiff alleges to have caused his accident. Defendant Wager further contends that the cross-claims from the other co-Defendants should be dismissed as it performed no work in the subject location and had not entered into a contract or a written agreement with any other party in this litigation to do so. As such, Defendant Wager contends, any claim for contractual indemnification,

159320/2019  BECKFORD, KENROY vs. CITY OF NEW YORK          Page 1 of 4
Motion No. 003

common law indemnification or contribution is without merit. In support of its motion, Defendant Wager submits, in pertinent part, the transcript of a 50-H Hearing where Plaintiff testified, the affidavit of Diane Accordino of Wager Contracting, and Danella Construction Corp records.

Plaintiff testified that at the time of the subject incident, Plaintiff was working for Royal Waste Services, he was getting on and off the back of the sanitation truck to throw garbage into the truck, the incident occurred at about 2-2:30 am on 43rd Street while they were heading toward 6th Avenue, he was holding onto the bars on the side of the truck with both hands and "hanging on the back" of the left side of the truck, as he was trained to work, the truck was going about 15 to 20 miles per hour, it dipped due to a bent plate in the road that was approximately 1-2 car lengths long, the back of truck went up, throwing Plaintiff off the back of the truck, and causing him to land on his shoulders and back on the plate. Plaintiff further testified that he did not see construction in the area at any time, and that the corner of the plate was elevated.

Diane Accordino avers that she is employed as the office manager of Wager Contracting Co., Inc., she searched the records maintained by Defendant Wager and she found no records relating to the location stated in Plaintiff's Complaint and found no records that indicate that Defendant Wager ever performed any work in the roadway of East 43rd Street between 5th Avenue and 6th Avenue. Accordino further avers that Defendant Wager has not performed any roadway work in the past 10 years. Accordino avers that in her search of Defendant Wager's records, she located a recording including a contract/scope of work, invoices, and employee timecards for interior work construction on the 19th floor of the building located at One Liberty Plaza on July 1-7, 2018.

Defendant Wager also submits work records exchanged by Defendant Danella during the course of discovery. Defendant Wager contends that these show that Defendant Wager was performing roadway work on East 43rd Street between 5th Avenue and 6th Avenue.

In opposition, Plaintiff contends that the motion is premature. Plaintiff further contends that the evidence submitted in support of Defendant Wager's motion are inadmissible. Specifically, Plaintiff contends that the 50-H hearing transcript is inadmissible since it is unsigned and not notarized. Therefore, Plaintiff contends that he is prejudiced because he was not given the opportunity to read the transcript and make necessary corrections. Plaintiff avers that on July 7, 2018, he was employed by Royal Waste Services, was a passenger in a garbage truck owned by his employer, as the truck travelled on East 43rd Street between 5th and 6th Avenues, it bounced

159320/2019 BECKFORD, KENROY vs. CITY OF NEW YORK
Motion No. 003

Page 2 of 4

2 of 4

into the air due to a metal plate that was sunken and unable to support the weight of the truck, causing him to be thrown off the truck and onto the roadway. Plaintiff further avers that Defendant Wager had a construction vehicle parked at the accident site during work hours. Plaintiff also submits two photographs of a Wager vehicle.

With regard to the photographs in Plaintiff's opposition, in reply, Defendant Wager contends that there is nothing contained within Plaintiff's affidavit in opposition stating when and where the picture was taken, or by whom, nor was there anything attempting to authenticate the subject picture. Defendant Wager further contends that the affidavit of Accordino authenticates Wager's business records. Defendant Wager further contends that the 50-H hearing transcript was originally included in a Response to Discovery and Inspection dated March 3, 2021.

Defendant Danella has not offered a submission on this motion.

The proponent of a motion for summary judgment must tender sufficient evidence to show the absence of any material issue of fact and the right to entitlement to judgment as a matter of law (*Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). If the moving party meets its burden, the burden shifts to the nonmoving party to establish, through admissible evidence, the existence of disputed issues of material facts for trial (*Zuckerman v New York*, 49 NY2d 557 [1980]).

To maintain a negligence cause of action, a plaintiff must be able to prove the existence of a duty, breach, and proximate cause (*Kenney v. City of New York*, 30 A.D.3d 261, 262 *citing Palsgraf v Long Is. R. Co.*, 248 NY 339 [1928]). One who has not performed or is not responsible for any construction work at an accident site owes no duty to a plaintiff injured at the site (*Manson v Consol. Edison Co.*, 220 AD2d 374 [1st Dept 1995]). Here, it is undisputed that Defendant Wager performed no work at the subject location and was not responsible for the plate in the roadway (*see Kenney* at 262). However, here, Defendant Wager has sufficiently established that they were not responsible for the plate in the roadway through the affidavit of Accordino (*see e.g., Friends of Animals, Inc. v Associated Fur Mfrs.*, 46 NY2d 1065 [1979]). In opposition, Plaintiff has failed to raise a triable issue of fact that would warrant denial of the motion. The motion is granted. Accordingly, it is

**ORDERED** that the motion of Defendant Wager to dismiss the complaint herein is granted and the complaint and any and all cross-claims are dismissed in their entirety as against said Defendant, and the Clerk is directed to enter judgment accordingly in favor of said Defendant; and it is further

159320/2019 BECKFORD, KENROY vs. CITY OF NEW YORK
Motion No. 003

Page 3 of 4

[* 3]

**ORDERED** that the action is severed and continued against the remaining Defendants; and it is further

**ORDERED** that the caption be amended to reflect the dismissal and that all future papers filed with the court bear the amended caption; and it is further

**ORDERED** that counsel for the moving party shall serve a copy of this order with Notice of Entry upon all parties as well as the Clerk of the Court and the Clerk of the General Clerk's Office, who are directed to mark the court's records to reflect the change in the caption herein; and it is further

**ORDERED** that such service upon the Clerk of the Court and the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website).

This constitutes the Decision and Order of the Court.

| 10/15/2024 | | | | | |
|---|---|---|---|---|---|
| DATE | | | JAMES G. CLYNES, J.S.C. | | |
| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
| | X | GRANTED | ☐ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | ☐ REFERENCE |

159320/2019  BECKFORD, KENROY vs. CITY OF NEW YORK
Motion No. 003

Page 4 of 4

4 of 4

[* 4]