■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAUREEN SCHLATTER, Appellant.—Appeal by defendant from a judgment of the County Court, Nassau County, rendered December 5, 1975, convicting her of forgery in the second degree (seven counts), grand larceny in the second degree (two counts) and grand larceny in the third degree (three counts), upon a jury verdict, and imposing sentence. Judgment reversed, on the law and as a matter of discretion in the interest of justice, counts 1 through 7 of the indictment (charging forgery in the second degree) dismissed and, as to counts 8 through 12 (charging grand larceny in the second and third degrees), new trial ordered. The jury could not have found by a preponderance of the evidence that venue was properly laid in Nassau County (see *People v Tullo,* 34 NY2d 712, 714), since there was no indication of where the forgery occurred. The crime of forgery is complete when the instrument is made or altered with fraudulent intent, and the utterance of the instrument is not necessary (see Penal Law, § 170.10; *People v Rising,* 207 NY 195, 197). CPL 20.40 (subd 1, par [a]) requires that *conduct* occur within a county sufficient to establish one element of the offense. Appellant resided in Nassau County; the offices of the corporation on whose account the checks were drawn was located in New York County. There was no proof that any element of the crime of forgery, including the intent to forge, occurred in Nassau County. The fact that some of the checks were deposited in banks in Nassau County does not supply the necessary conduct evidencing the intent to forge, since forgery is not a "result" offense. Thus, the seven counts in the indictment charging forgery in the second degree should be dismissed. Furthermore, the introduction into evidence of more than 40 checks, upon which there was no charge in the indictment, was prejudicial error (see *People v Whitfield,* 3 AD2d 768, affd 4 NY2d 694). Appellant admitted at the trial to having forged the checks in question. The only issue left to prove was whether there was the requisite intent to defraud. Proof of similar uncharged forgeries is usually admissible in order to prove the requisite intent and a common plan or scheme (see *People v Gerks,* 243 NY 166; *People v Dales,* 309 NY 97). However, in the case at bar, the introduction into evidence of the seven admittedly forged checks, together with the

testimony of Melvin and Barnett Levine, provided enough material from which an intention to defraud could have been found by the jury. Thus, the prejudicial effect of such proof far outweighed its probative value on the issue of intent. Furthermore, such evidence is inadmissible to refute the defense of authorization (see *People v Weaver,* 177 NY 434), especially in view of the fact that no charge was given directing the jury not to consider said evidence insofar as the defense of authorization is concerned *(People v Dales,* 309 NY 97, 102, *supra).* The prejudicial effect of the introduction into evidence of the more than 40 checks undoubtedly spilled over into the jury's deliberations on the charges of grand larceny. Thus, appellant was deprived of a fair trial on those counts and should be afforded another trial thereon. Hopkins, Acting P. J., Martuscello, Latham, Titone and Hawkins, JJ., concur.