■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HORACE CHAITIN, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Donnelly, J.), rendered June 16, 1981, convicting him of grand larceny in the third degree and offering a false instrument for filing in the first degree (seven counts), upon a jury verdict, and imposing sentence. Judgment modified, on the law, by vacating the sentence imposed. As so modified, judgment affirmed, and matter remitted to Criminal Term for resentencing before another Justice. The defendant was indicted by a Kings County Grand Jury and charged with grand larceny in the second degree and 28 counts of offering a false instrument for filing in the first degree. Defendant, a licensed physician, maintained an office at the East Flatbush Center, a private clinic in Brooklyn, at which he provided certain care and services primarily to indigent persons, some of whom were insured under Medicaid. When a patient arrived at the medical center, the receptionist customarily filled in the top portion of the official Medicaid invoices by inserting the patient's name and Medicaid number, the treating physician's name and Medicaid provided number and the physician's address, specialty and telephone number. After treating each patient, defendant would complete the invoice by describing the services rendered and then signing the certification attesting that he rendered the services. The invoices subsequently were used to obtain Medicaid reimbursement. The charges against defendant arose from his submission of certain of such invoices to the New York City Department of Social Services seeking Medicaid reimbursement for services allegedly never rendered. A principal focus of defendant's appeal from his convictions is the claim there was no jurisdiction to prosecute him for these crimes in Kings County because the invoices were filed in New York County and the payments were received in Queens and Nassau Counties. We conclude otherwise. CPL 20.40 (subd 1, par [a]) provides that a county has jurisdiction of the trial of an offense if conduct occurred within the county sufficient to establish an element of the crime. Accordingly, geographical jurisdiction to prosecute is a question of fact (*Matter of Steingut v Gold*, 42 NY2d 311; *People v Hetenyi*, 304 NY 80). However, since jurisdiction is not itself an element of the crime, it need only be established by a preponderance of the evidence (*Matter of Steingut v Gold, supra*, p 316; *People v Tullo*, 34 NY2d 712). What is required is that jurisdiction be fairly and reasonably inferred from all the facts and circumstances in evidence (*Matter of Steingut v Gold, supra*, p 316). On the record before us, there was sufficient proof of conduct in Kings County to establish elements of each crime of which defendant was convicted. The elements of the crime of offering a false instrument in the first degree are (1) knowledge that the instrument is false, (2) intent to defraud the State or any of its subdivisions, and (3) presentation of the instrument for filing (Penal Law, § 175.35; see *People v Weinfeld*, 65 AD2d 911). While it is undisputed that the incriminating invoices, which constitute written instruments within the meaning of section 175.35 of the Penal Law (see *People v Bel Air Equip. Corp.*, 39 NY2d 48), were completed and signed by defendant at the clinic in Kings County, the acts of completion are not of themselves elements of the crime. What they do suffice to show — in view of the other evidence in the case — is that defendant had knowledge of the falsity of the invoices when he completed them in Kings County and that he had the intent to defraud while in Kings County (see *People v Tullo, supra;* see, also, *People v Schlatter*, 55 AD2d 922). Thus, there can be no question that jurisdiction to prosecute the false instrument charges existed in that county. We turn then to the charge of larceny by false pretenses. The elements of that crime are (1) an intent to deprive an owner of property, (2) the making of a false representation, (3) knowledge of the falsity, (4) obtaining the property of another, and (5) that the owner of the property was induced by the representa-

tion to give up the property (Penal Law, § 155.05, subd 2, par [a]; see *People v Seymour*, 55 AD2d 737; Marks & Paperno, Criminal Law in New York, § 329). As with the crime of offering a false instrument, defendant's completion of the forms in Kings County suffices to establish the elements of both intent and knowledge of falsity in that county for jurisdictional purposes (see *People v Tullo, supra;* see, also, *People v Schlatter, supra*). Defendant also asserts error in Criminal Term's refusal to admit in evidence certain inconsistent statements of prosecution witnesses Anna Berry and Fenner Allen. After those witnesses had testified that the services they received differed from those listed in the invoices, they were confronted with other documents bearing their signatures that indicated that the services certified by defendant in the invoices actually had been rendered. Despite the fact that these proffered documents were admissible as prior inconsistent statements (Richardson, Evidence [Prince, 10th ed], §§ 501, 502; *Larkin v Nassau Elec. R.R. Co.*, 205 NY 267), Criminal Term excluded them as inadmissible hearsay. We conclude, nevertheless, that reversal is not warranted. After witness Berry vehemently maintained from the stand that she never received the spinal X ray that defendant had certified, defense counsel sought to introduce a prior subscribed statement containing the words "X-ray of spine", to which Berry had added "This X-ray was taken". When asked if she recalled being shown this statement, Berry said "Yes". Although Criminal Term refused to admit that portion of the writing, defense counsel succeeded in reading the statement aloud for the jury to hear. Since the jury was aware that the statement contradicted Berry's testimony, there is no significant probability that admission of the writing would have resulted in acquittal and, on this record, the error was harmless (see *People v Crimmins*, 36 NY2d 230). The circumstances surrounding the Allen statement are somewhat different. The defendant's initial failure to lay a foundation for the introduction of Allen's inconsistent statement was cured by the prosecution in its redirect examination of the witness and the court's denial of defendant's subsequent re-offer of the statement thus was error. It is apparent from the record, however, that the jury was made aware of the inconsistency, and, here again, we conclude that the error was harmless because of the strength of the inculpatory evidence in the case and the lack of probability that acquittal would have resulted had the writing been admitted (see *People v Crimmins, supra*). We do agree with the defendant, however, that the sentence imposed was illegal. He was not only ordered and sentenced to provide free medical care and service to the poor of the community for a minimum of 10 hours per week for 72 consecutive weeks, but in the event of willful failure to abide by any of the terms of sentencing or probation, he was to be subject to a maximum term of four years' incarceration, consecutively on each count, or a total maximum of 32 years' imprisonment. Although recently amended to permit the performance of services for a public or not-for-profit corporation as a condition of probation upon conviction of a misdemeanor or class D or E felony (Penal Law, § 65.10, subd 2, par [h], L 1981, ch 583, § 1), the law in existence when the sentence was imposed did not authorize the imposition of such services (Penal Law, § 65.10; *People v Mandell*, 50 AD2d 907). Accordingly, while we affirm the convictions, we remit the matter to a different Judge at Criminal Term for resentencing. Damiani, J.P., Lazer, Mangano and Thompson, JJ., concur.