■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND A. CROFT, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant contends that the court erred in allowing the complainant to testify, over objection, that she did not resist defendant's sexual contact because she was afraid of him, based on her knowledge that, when he "fought people he had hurt them and stuff." While defendant is correct that the People should have obtained an advance ruling on the admissibility of this testimony, pursuant to People v Ventimiglia (52 NY2d 350), any error was harmless. The prosecutor stated that he had not known about the testimony when defendant's pretrial motion for Molineux material (see, People v Molineux, 168 NY 264) was made, and the court excused the jury and ruled on the issue before the

complainant had answered the prosecutor's question, "Had [defendant] ever told you any things in the past about things he did?". Further, the probative value of the testimony on the issue of forcible compulsion (an element of two of the crimes charged) outweighed its prejudicial effect (see, People v Thompson, 72 NY2d 410, 416, rearg denied 73 NY2d 870; People v Alvino, 71 NY2d 233, 241-242; People v Allweiss, 48 NY2d 40, 46-47).

We further reject defendant's contention that the court erred in allowing the complainant's mother to testify that, about two months after the incident, defendant and his wife came to her place of work and that defendant told her that she had "better watch out" and that what her daughter said "wasn't true." That testimony was probative on the issue of consciousness of guilt (see, Richardson, Evidence §§ 167, 220 [Prince 10th ed]).

Finally, we reject defendant's contention that the prompt complaint exception to the general rule against bolstering (see, People v Rice, 75 NY2d 929, 931) should be "abandoned." (Appeal from Judgment of Monroe County Court, Wisner, J.— Attempted Rape, 1st Degree.) Present—Doerr, J. P., Boomer, Pine, Balio and Lawton, JJ.