■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER MCCLEARY, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant was convicted, following a jury trial, of assault in the second degree (Penal Law § 120.05 [2]) and criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [2]). The conviction arises out of an altercation between defendant and an acquaintance in defendant's residence. During the brief scuffle, the victim sustained a severe laceration to his head which required suturing at a local hospital. Defendant maintained that he struck the victim only with his fists, while the victim testified that he was hit on the head with a wooden table leg.

Defendant contends that the trial court committed reversible error by allowing the prosecutor to cross-examine defendant's brother regarding his failure to come forward with potentially exculpatory information prior to trial. The People may lay a foundation for such questioning by demonstrating that the witness: (1) was aware of the nature of the charges pending against the defendant; (2) had reason to recognize that he possessed exculpatory information; (3) had a reasonable motive for acting to exonerate the defendant; and (4) was familiar with the means to make the information available to law enforcement authorities *(see, People v Dawson,* 50 NY2d 311, 321, n 4). In our view, County Court abided by the

conditions and safeguards enunciated in *People v Dawson (supra)* and the impeachment evidence was properly admitted.

Defendant has not preserved his claim that he was denied a fair trial by the prosecutor's conduct in eliciting improper and highly speculative evidence of uncharged bad acts (CPL 470.05 [2]). In any event, although the prosecutor should have obtained an advance ruling on the admissibility of that testimony *(see, People v Ventimiglia,* 52 NY2d 350), we conclude that any error was harmless *(see, People v Crimmins,* 36 NY2d 230, 242; *People v Croft,* 176 AD2d 1225; *People v Charleston,* 175 AD2d 602, *lv denied* 78 NY2d 1126). In our view, the probative value of such evidence outweighed the risk of prejudice to defendant *(see, People v Alvino,* 71 NY2d 233, 241-242; *People v Ventimiglia, supra,* at 359-360). (Appeal from Judgment of Erie County Court, D'Amico, J.—Assault, 2nd Degree.) Present—Callahan, J. P., Boomer, Balio, Lawton and Davis, JJ.