■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRIS FANGIULLOS, JR., Also Known as CHRIS SHEPARD, Appellant.—Judgment unanimously reversed on the law and indictment dismissed. Memorandum: The People argue that the judgment of conviction of grand larceny in the fourth degree is supported under the theory of either larceny by false pretense (Penal Law § 155.05 [2] [a]) or larceny by false promise (Penal Law § 155.05 [2] [d]). We find that the evidence is not sufficient to support defendant's conviction under either theory and therefore dismiss the indictment.

Defendant's conviction stems from an incident involving electrical damage to the home of the Johnsons, which had been struck by lightning. Defendant reviewed the damage and estimated that the repairs would cost $2024. Mrs. Johnson gave defendant a check for $1012, and he stated that the work would be performed the next day. The next day an electrical

contractor arrived, who Mr. Johnson believed had been sent by defendant. Mr. Johnson dismissed the contractor, however, because he wanted to obtain other estimates, as suggested by his insurance adjuster. Defendant told Mr. Johnson by telephone that the check would be returned. Mr. Johnson attempted to put a stop payment order on the check, but the check had already been cashed. Further telephone calls to defendant's place of business were not returned. The damage at the Johnson residence eventually was repaired by someone else for $700.

The crime of larceny by false pretense is established by showing that a defendant had a criminal intent to deprive an owner of his property, that he made a false representation of a past or existing fact, that he knew the representation was false, that he obtained property of another, and that the person to whom the representation was made was induced thereby to give up his property (see, People v Chaitin, 94 AD2d 705, affd 61 NY2d 683). The wrongdoer's misrepresentation must relate to a past or present fact, not a future intention (People v Churchill, 47 NY2d 151). Here, defendant obtained property from the Johnsons by stating that it would cost $2024 to repair the damage and that he would return the next day to perform the repairs. There is no evidence that the repairs that defendant intended to perform were not worth $2024. Regardless of whether other representations by defendant were falsely made, they did not induce the Johnsons to turn over property to defendant.

Additionally, there is insufficient evidence to support defendant's conviction of larceny by false promise. A defendant's intention not to perform a promise may not be inferred from the fact alone that the promise was not performed, but may be based only upon evidence establishing "that the facts and circumstances of the case are wholly consistent with guilty intent or belief and wholly inconsistent with innocent intent or belief, and excluding to a moral certainty every hypothesis except that of the defendant's intention or belief that the promise would not be performed" (Penal Law § 155.05 [2] [d]). The fact that a contractor arrived at the Johnson residence the day following defendant's estimate is not "wholly consistent with guilty intent" but supports the hypothesis that defendant would have performed the work through the subcontractor had he been allowed to do so. (Appeal from Judgment of Supreme Court, Onondaga County, Gorman, J.— Grand Larceny, 4th Degree.) Present—Denman, P. J., Boomer, Lawton, Fallon and Doerr, JJ.