■ The People of the State of New York, Respondent, v Gregory Ortiz, Appellant. The People of the State of New York, Respondent, v Reggie Coachman, Appellant. [625 NYS2d 514] —Judgments, Supreme Court, Bronx County (Joseph Fisch, J.), rendered March 26, 1992, convicting each defendant of two counts of robbery in the first degree, and one count

each of assault in the first degree, grand larceny in the third degree, and criminal possession of stolen property in the third degree, and sentencing each defendant (Ortiz as a second violent felony offender and Coachman as a second felony offender) to concurrent terms of 12½ to 25 years, 12½ to 25 years, 7½ to 15 years, 3 to 6 years, and 3 to 6 years, respectively, unanimously modified, on the law, to the extent of reducing each defendant's conviction of grand larceny in the third degree to grand larceny in the fourth degree, and reducing each defendant's conviction of criminal possession of stolen property in the third degree to criminal possession of stolen property in the fourth degree, and reducing each defendant's sentence on each of those counts to 2 to 4 years, and otherwise affirmed.

Except as discussed *infra,* the jury's verdicts were neither based on insufficient evidence nor were they against the weight of the evidence. Specifically, there was ample evidence that defendants' use of force was for the purpose of taking property *(Matter of Juan J.,* 81 NY2d 739; *People v Smith,* 79 NY2d 309, 312), in that car keys were taken during defendants' sudden, unprovoked assault upon the victims, notwithstanding that the car itself was not taken until shortly thereafter. However, there was insufficient evidence that the car's value was over $3,000 *(see, People v Kirkwood,* 200 AD2d 409, *lv denied* 83 NY2d 806), and we accordingly modify by reducing the convictions of grand larceny and criminal possession of stolen property from third to fourth degree. In view of the remaining concurrent sentences, we see no need to remand for resentencing, and instead reduce the sentence on each of the reduced counts to 2 to 4 years.

Each defendant's motion to suppress identification testimony was properly denied in all respects. The record supports the hearing court's conclusion that each lineup was fair and nonsuggestive. No defendant is entitled to be placed in a lineup containing nearly identical participants *(People v Chipp,* 75 NY2d 327, 336, *cert denied* 498 US 833), and there was nothing improper about having each participant in defendant Coachman's lineup separately approach the viewing window, at the identifying witness' request, since each participant was directed to perform the identical conduct *(see, People v Adams,* 167 AD2d 160, *lv denied* 76 NY2d 1019). The record also supports the hearing court's conclusion that there was an independent source for each identification, unaffected by certain tainted photo identifications.

Defendants' motion for a mistrial on grounds of belated disclosure of allegedly exculpatory material was properly denied. Even assuming, *arguendo,* the exculpatory nature of the injured victim's speculations, contained in medical records, as to a possible motive for the assault, the delay in disclosure had no substantial impact on the defense. Although this material was turned over before the injured victim testified, defendants made no use of it in cross-examination, and abandoned their expressed interest in recalling the witness. Since this material was inadmissible without laying a proper foundation through cross-examination of the victim *(People v Duncan,* 46 NY2d 74, 80-81, *cert denied* 442 US 910), the court properly excluded it from evidence.

The court's charge on the permissible inferences that may be drawn from recent, exclusive, unexplained possession of the fruits of a crime was proper in every respect *(Barnes v United States,* 412 US 837; *People v Baskerville,* 60 NY2d 374, 382-384). We perceive no abuse of sentencing discretion. We have reviewed each defendant's remaining contentions and find them largely unpreserved, and entirely without merit. Concur —Rosenberger, J. P., Rubin, Kupferman, Nardelli and Tom, JJ.