■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS THOMPSON, Appellant. [637 NYS2d 855] —Judgment unanimously affirmed. Memorandum: Viewing the evidence in the light most favorable to defendant *(see, People v Padgett,* 60 NY2d 142, 144-145), we conclude that he was not entitled to a charge of justification (Penal Law § 35.15). The evidence showed that defendant repeatedly stabbed the victim until she knocked the knife out of his hand. Defendant continued his attack as she lay on the ground. Defendant claimed that the victim attacked him with a knife in an effort to rob him and that he attacked her only after she slashed his hand and dropped the knife. Because no reasonable view of the evidence establishes that defendant's actions were those of a reasonable man acting in self-defense, the court properly refused to charge the jury on the justification defense *(see, People v Reynoso,* 73 NY2d 816, 818; *People v Collice,* 41 NY2d 906, 907). The preclusion of testimony of defendant that the victim had previously attacked him was not erroneous because there was no objective evidence of the need to use deadly force *(see, People v Wesley,* 76 NY2d 555, 559; *People v Comfort,* 113 AD2d 430, *lv denied* 67 NY2d 760).

Supreme Court properly precluded defendant from calling a police officer to impeach the testimony of a witness; the proffered testimony related only to impeachment on a collateral matter *(see, People v Pavao,* 59 NY2d 282, 288-289). Although there was sufficient evidence of serious physical injury, it was not error to permit testimony that the victim suffered a miscarriage. The People "were not bound to stop after presenting minimum evidence but could go on and present all the admissible evidence available to them" *(People v Alvino,* 71 NY2d 233, 245).

We conclude that defendant was not denied a fair trial by the conduct of the prosecutor during summation and the cross-

examination of defendant. There was no pattern of egregious or frequent misconduct to warrant the "ill-suited remedy" of reversal for prosecutorial misconduct *(People v Galloway,* 54 NY2d 396, 401).

Defendant's sentence is neither unduly harsh nor severe, and we decline to exercise our power to modify it as a matter of discretion in the interest of justice *(see,* CPL 470.15 [6] [b]). We have reviewed the remaining contentions advanced by defendant and conclude that they are without merit. (Appeal from Judgment of Supreme Court, Erie County, Rossetti, J.— Attempted Murder, 2nd Degree.) Present—Green, J. P., Fallon, Callahan, Doerr and Davis, JJ.