■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MOHAMED SELIM, Appellant. [644 NYS2d 448] —Judgment unanimously affirmed. Memorandum: Defendant was hired as Executive Director of the Housing Development Council of Orleans County (Council) in 1988. Because of financial difficulties it was experiencing in 1991 and early 1992, the Council laid off all employees except defendant. In February 1992, the Council stopped paying defendant, but defendant continued to work at the Council until March 1993. During that time, officers of the Council urged defendant to apply for unemployment benefits, but he informed them that he did not wish to do so. Unknown to the officers, however, defendant had applied for and received unemployment benefits of $288 a week from July 1992 through February 1993. A New York State Department of Labor (DOL) investigation into defendant's eligibility for those benefits revealed that a DOL "1211" form sent to the Council to determine defendant's eligibility for unemployment benefits bore the forged signature of the Council's treasurer. Thereafter, defendant was charged with one count of forgery in the second degree. The proof at trial established that, without the knowledge or authorization of the officers, defendant intercepted the 1211 form at the Council office in Orleans County and took it to Genesee County, where he and his wife resided. At the request of defendant, his wife completed the form and forged the treasurer's signature. A DOL investigator testified that defendant was not eligible for unemployment benefits while he was still working at the Council. Defendant was convicted of forgery in the second degree as an accessory.

Defendant contends that County Court erred in failing to instruct the jury that, in order to establish venue for trial, it must find that defendant possessed the completed 1211 form in Orleans County. We disagree. The court properly instructed the jury that, for purposes of venue, the People must prove by a preponderance of the evidence that defendant engaged in conduct in Orleans County sufficient to establish any one of the elements of forgery in the second degree or, in the alternative, that he possessed the instrument in Orleans County (see, CPL 20.40 [1] [a]; [4] [j]; People v Tullo, 34 NY2d 712). CPL 20.40 (4) (j) provides that "[a]n offense of forgery may be prosecuted in any county in which the defendant, or another for

whose conduct the defendant is legally accountable * * * possessed the instrument." Contrary to defendant's contention, the statute does not require that defendant possess a "completed" instrument. Subdivision (4) (j) of CPL 20.40 was added by the Legislature in 1985 "to provide additional exceptions to the general rule set forth in subdivision 1, that geographical jurisdiction for prosecution of an offense requires proof that conduct establishing at least one of its elements * * * occurred in the county" (Preiser, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 20.40, at 109). Thus, CPL 20.40 (4) (j) expanded the scope of CPL 20.40 by authorizing venue in a county where defendant possessed the instrument; it does not, however, preclude venue in a county in which defendant engaged in conduct establishing any element of the crime of forgery. Here, the jury could reasonably infer "from all the facts and circumstances introduced into evidence" that defendant had in Orleans County the intent to defraud or deceive, which is an element of forgery in the second degree (*Matter of Steingut v Gold,* 42 NY2d 311, 316; *see,* Penal Law § 170.10 [1]). Defendant's reliance upon *People v Schlatter* (55 AD2d 922) is misplaced; in that case there was no proof that any element of the crime of forgery, including the intent to deceive, occurred in the county in which defendant was tried.

Upon our review of the record, we reject the contention of defendant that he was denied effective assistance of counsel (*see, People v Flores,* 84 NY2d 184; *People v Baldi,* 54 NY2d 137, 147), and we conclude that defendant's conviction of forgery in the second degree is supported by sufficient evidence (*see, People v Bleakley,* 69 NY2d 490, 495; Penal Law §§ 20.00, 170.10 [1]). Finally, we have examined the remaining contention of defendant, raised in his *pro se* supplemental brief, and conclude that it is without merit. (Appeal from Judgment of Orleans County Court, Morton, J.—Forgery, 2nd Degree.) Present—Green, J. P., Fallon, Wesley, Davis and Boehm, JJ.