THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS AVINO, Appellant. [826 NYS2d 860]—

Appeal from a judgment of the Supreme Court, Monroe County (Stephen R. Sirkin, A.J.), rendered March 25, 2003. The judgment convicted defendant, upon a jury verdict, of grand larceny in the second degree (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified as a matter of discretion in the interest of justice and on the law by reducing the conviction of grand larceny in the second degree (Penal Law § 155.40 [1]) under count one of the indictment to grand larceny in the third degree (§ 155.35) and vacating the sentence imposed on that count, and by reversing that part convicting defendant of grand larceny in the second degree under count two of the indictment and dismissing that count of the indictment and as modified the judgment is affirmed, and the matter is remitted to Supreme Court, Monroe County, for sentencing on the conviction of grand larceny in the third degree.

Memorandum: On appeal from a judgment convicting him following a jury trial of two counts of grand larceny in the second degree (Penal Law § 155.40 [1]), defendant contends, inter alia, that the conviction is not supported by legally sufficient evidence and that the verdict is against the weight of the evidence. Defendant's contention concerning the legal insufficiency of the evidence is not preserved for our review (*see People v Gray*, 86 NY2d 10, 19 [1995]). Nevertheless, we exercise our power to address that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]), and we conclude that the evidence is legally insufficient to support the conviction (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]).

Defendant was charged in count one of the indictment with stealing money from a trust, and he was charged in count two with stealing money directly from an elderly woman who was the beneficiary of the trust at issue in count one. Although the indictment did not set forth any specific theories of larceny, the prosecutor in her opening statement limited the theory to larceny by false pretenses (*see* Penal Law § 155.05 [2] [a]) and argued only that theory in her summation. Supreme Court instructed the jury only on that theory. Defendant contends that the People failed to establish that he committed the larceny by false pretenses and that, instead, his acts constituted larceny by false promise. In addition to the contention of the People concerning lack of preservation, the People's sole remaining contention is that the evidence is legally sufficient to establish

larceny by false pretenses. We agree with defendant with respect to count two of the indictment and, with respect to count one, we conclude that the People failed to present legally sufficient evidence establishing that he stole property in excess of $50,000 by false pretenses.

"The crime of larceny by false pretense is established by showing that a defendant had a criminal intent to deprive an owner of his property, that he made a false representation of a past or existing fact, that he knew the representation was false, that he obtained property of another, and that the person to whom the representation was made was induced thereby to give up his property . . . . The wrongdoer's misrepresentation must relate to a past or present fact, not a future intention" (*People v Fangiullos*, 186 AD2d 1007, 1008 [1992]; *see People v Norman*, 85 NY2d 609, 618-619 [1995]; *see also People v Hart*, 100 NY2d 550 [2003]; *People v Churchill*, 47 NY2d 151 [1979]). As the People correctly concede, the owner must be induced to part with the property by reliance on the false statement (*see Norman*, 85 NY2d at 618; *People v Chaitin*, 94 AD2d 705, 705-706 [1983], *affd* 61 NY2d 683 [1984]; *Fangiullos*, 186 AD2d 1007 [1992]). Larceny by false promise is committed when a person obtains property of another by means of a representation that he or a third person will "in the future engage in particular conduct, and when he does not intend to engage in such conduct or . . . does not believe that the third person intends to engage in such conduct" (Penal Law § 155.05 [2] [d]; *see Norman*, 85 NY2d at 619).

With respect to count one of the indictment, the People presented evidence establishing that defendant and his accomplices developed a scheme to steal money from the trust by proposing that the trust pay for repairs to the beneficiary's home when they never intended to make such repairs. Defendant and his accomplices sent two proposals to the trustee, who approved one of the proposals and issued three checks, each in the amount of $24,649. The last two checks were issued only after defendant and his accomplices sent falsified inspection reports. Defendant concedes that those checks were issued on false pretenses because the inspection reports that induced the trustee to write those two checks contained false representations of past or existing facts. Defendant is correct, however, that the total of those two checks is less than $50,000, the monetary threshold to support a conviction of grand larceny in the second degree (Penal Law § 155.40 [1]). We agree with defendant that the evidence is legally insufficient to establish that the first check was stolen by false pretenses and thus that the

conviction under count one is not supported by legally sufficient evidence. The first check was issued before defendant and his accomplices sent falsified inspection reports, and there is no evidence in the record that the first check was issued upon any false representations of past or existing facts. The proposal approved by the trustee contains no false representations of past or existing facts, and there is no evidence of representations made to the trustee that could qualify as false representations of past or existing facts. As defendant properly conceded, the evidence is legally sufficient to establish that he stole approximately $49,000 by false pretenses. We therefore modify the judgment by reducing the conviction of grand larceny in the second degree under count one of the indictment to grand larceny in the third degree (Penal Law § 155.35) and vacating the sentence imposed on that count (*see* CPL 470.15 [2] [a]), and we remit the matter to Supreme Court for sentencing on that conviction (*see* CPL 470.20 [4]; *People v Ortiz*, 214 AD2d 451, 452 [1995], *lv denied* 86 NY2d 739 [1995]).

With respect to count two of the indictment, charging defendant with the theft of money directly from the trust beneficiary, we conclude that the conviction under that count is not supported by legally sufficient evidence because the only representations made to the victim were false promises concerning the future intentions of defendant and his accomplices with respect to the money. We therefore further modify the judgment by reversing that part convicting defendant of grand larceny in the second degree under count two of the indictment and dismissing that count of the indictment.

Based on our determination, we see no need to address defendant's remaining contention. Present—Kehoe, J.P., Martoche, Centra, Green and Pine, JJ.