■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GORDON N. PAUL, Appellant. [911 NYS2d 757]—

Appeal from a judgment of the Wyoming County Court (Mark H. Dadd, J.), rendered October 5, 2009. The judgment convicted defendant, upon a jury verdict, of rape in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him following a jury trial of rape in the first degree (Penal Law § 130.35 [1]), defendant contends that reversal is required because the People failed to give notice of their intent to offer evidence at trial of two prior bad acts allegedly committed by defendant (*see generally People v Ventimiglia*, 52 NY2d 350 [1981]). That evidence consisted of the testimony of the victim that defendant was the subject of a sexual harassment complaint at work, and that, one week before he raped her, defendant insisted that she show him her breasts. As defendant correctly concedes, his contention is unpreserved for our review inasmuch as he did not object to the testimony in question (*see* CPL 470.05 [2]). In any event, we conclude that, although the People should have obtained an advance ruling on the admissibility of the evidence, the error is harmless because the proof of defendant's guilt is overwhelming, and there is no significant probability that defendant would have been acquitted but for the error (*see People v McCleary*, 181 AD2d 1029 [1992], *lv denied* 80 NY2d 835 [1992]; *see generally People v Crimmins*, 36 NY2d 230, 241-242 [1975]).

Defendant also failed to preserve for our review his contention that the court erred in admitting hearsay evidence that improperly bolstered the victim's testimony (*see* CPL 470.05 [2]). In any event, the majority of that evidence was admissible under the prompt outcry and excited utterance exceptions to the rule against hearsay, and any error in admitting the remaining evidence in question is harmless (*see People v Stanley*, 161 AD2d 1146, [1990] *lv denied* 76 NY2d 865 [1990]; *see generally Crimmins*, 36 NY2d at 241-242). The further contention of defendant that he was denied a fair trial based on prosecutorial misconduct is unpreserved for our review inasmuch as defendant did not object to any of the alleged instances of misconduct

(*see People v Glenn*, 72 AD3d 1567 [2010], *lv denied* 15 NY3d 805 [2010]). In any event, it cannot be said that the conduct of the prosecutor constituted such a "pattern of egregious or frequent misconduct to warrant the 'ill-suited remedy' of reversal for prosecutorial misconduct" (*People v Thompson*, 224 AD2d 950, 951 [1996], *lv denied* 88 NY2d 886 [1996], quoting *People v Galloway*, 54 NY2d 396, 401 [1981]). Finally, we reject the contention of defendant that he was denied effective assistance of counsel. The evidence, the law and the circumstances of this case, viewed in totality and as of the time of the representation, establish that defense counsel provided meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]). Present—Smith, J.P., Fahey, Lindley, Sconiers and Gorski, JJ.