# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**557**

**KA 11-00567**

PRESENT: SCUDDER, P.J., CENTRA, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

CRAIG A. HUNTSMAN, DEFENDANT-APPELLANT.
(APPEAL NO. 2.)

---

WILLIAM G. PIXLEY, ROCHESTER, FOR DEFENDANT-APPELLANT.

R. MICHAEL TANTILLO, DISTRICT ATTORNEY, CANANDAIGUA (JEFFREY L. TAYLOR OF COUNSEL), FOR RESPONDENT.

---

Appeal, by permission of a Justice of the Appellate Division of the Supreme Court in the Fourth Judicial Department, from an order of the Ontario County Court (Craig J. Doran, J.), dated February 24, 2011. The order denied the motion of defendant to vacate his conviction pursuant to CPL 440.10.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law, defendant's CPL 440.10 motion is granted, the judgment is modified by vacating the conviction of counts 9 through 12, and a new trial is granted on counts 9 and 10, and counts 11 and 12 as reduced in *People v Huntsman* ([appeal No. 1], ___ AD3d ___ [June 8, 2012]), following suppression of defendant's statement.

Memorandum: Defendant appeals from an order that denied his CPL article 440 motion to vacate those parts of a judgment convicting him following a jury trial of burglary in the second degree (Penal Law § 140.25 [2]), criminal mischief in the fourth degree (§ 145.00 [1]), grand larceny in the fourth degree (§ 155.30 [1]) and criminal contempt in the first degree (§ 215.51 [d]) under counts 9 through 12 of the indictment. In the direct appeal from the judgment, we modified the judgment by reducing the conviction of grand larceny in the fourth degree under count 11 of the indictment to petit larceny (§ 155.25), reducing the conviction of criminal contempt in the first degree under count 12 of the indictment to criminal contempt in the second degree (§ 215.50 [3]), vacating the sentences imposed on those counts and remitting the matter to County Court for sentencing on those counts (*People v Huntsman* [appeal No. 1], ___ AD3d ___ [June 8, 2012]).

While the direct appeal was pending, defendant filed a CPL 440.10 motion, contending that reversal of the conviction under counts 9

through 12 was required because a statement admitted in evidence at trial was obtained in violation of his indelible right to counsel (*see People v Steward*, 88 NY2d 496, 501, *rearg denied* 88 NY2d 1018; *People v Rogers*, 48 NY2d 167, 170-171; *see also People v Lopez*, 16 NY3d 375, 380-382). He also contended that he was denied effective assistance of counsel based on defense counsel's failure to move to suppress his statement on that ground. We conclude that County Court erred in denying the CPL article 440 motion.

Following an all-day investigation and interview conducted jointly by an Ontario County Sheriff's Department (OCSD) investigator and a Seneca County Sheriff's Department (SCSD) deputy, defendant was arraigned on charges stemming from an incident in Seneca County. At the arraignment, in the presence of the SCSD deputy, defendant requested counsel on the Seneca County charges and was remanded into the custody of the SCSD. Defendant was thereafter transported to the Waterloo Police Department where he was again questioned by the OCSD investigator on the Ontario County charges. Although defendant purportedly waived his *Miranda* rights, it is well established that, "once a defendant in custody on a particular matter is represented by or requests counsel, custodial interrogation about any subject, whether related or unrelated to the charge upon which representation is sought or obtained, must cease" (*Steward*, 88 NY2d at 501; *see Rogers*, 48 NY2d at 170-171; *see also Lopez*, 16 NY3d at 380-382). Under the circumstances of this case, the OCSD investigator should be charged with the knowledge, actual or constructive, that defendant had requested counsel on the charges for which he had just been arraigned (*see Lopez*, 16 NY3d at 382; *People v Bongarzone-Suarrcy*, 6 NY3d 787, 789; *People v Kazmarick*, 52 NY2d 322, 328-329). We therefore conclude that defendant's statement was taken in violation of his indelible right to counsel and must be suppressed. The harmless error test for a constitutional violation is not met here, because it cannot be said that "there is no reasonable possibility that the error affected the jury's verdict" (*People v Douglas*, 4 NY3d 777, 779; *see People v Crimmins*, 36 NY2d 230, 240-241). The only other direct evidence of defendant's presence at the burglarized residence was a palm print on the window that the police deemed to be the point of entry, and the evidence established that defendant had resided in that residence until shortly before the burglary was committed, thus providing an explanation for the existence of his print on the window.

Contrary to the People's contention, defendant's original suppression motion did not include this meritorious contention, nor did sufficient facts appear on the record of the appeal from the judgment to permit adequate review of this contention on the direct appeal from the judgment. Thus, denial of the CPL article 440 motion was not mandatory under CPL 440.10 (2) (a), (b) or (c).

Pursuant to CPL 440.30 (3) (a) - (c), the motion must be granted without a hearing because the moving papers establish a legal basis for the motion; the ground is supported by sworn allegations thereof; and the sworn allegations are conclusively substantiated by unquestionable documentary proof. We note, however, that the new trial shall be conducted on counts 11 and 12 as reduced by our

decision in defendant's direct appeal from the judgment (*Huntsman* [appeal No. 1], ___ AD3d at ___).

Entered:  June 8, 2012                          Frances E. Cafarell
                                                Clerk of the Court