# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**556**

**KA 08-02239**

PRESENT: SCUDDER, P.J., CENTRA, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

CRAIG A. HUNTSMAN, DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

WILLIAM G. PIXLEY, ROCHESTER, FOR DEFENDANT-APPELLANT.

R. MICHAEL TANTILLO, DISTRICT ATTORNEY, CANANDAIGUA (JEFFREY L. TAYLOR OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Ontario County Court (Craig J. Doran, J.), rendered October 3, 2008. The judgment convicted defendant, upon a jury verdict, of criminal mischief in the fourth degree (two counts), criminal mischief in the second degree, aggravated harassment in the second degree (four counts), burglary in the second degree, grand larceny in the fourth degree and criminal contempt in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice and on the law by reducing the conviction of grand larceny in the fourth degree (Penal Law § 155.30 [1]) under count 11 of the indictment to petit larceny (§ 155.25) and vacating the sentence imposed on that count, and by reducing the conviction of criminal contempt in the first degree (§ 215.51 [d]) under count 12 of the indictment to criminal contempt in the second degree (§ 215.50 [3]) and vacating the sentence imposed on that count and as modified the judgment is affirmed, and the matter is remitted to Ontario County Court, for sentencing on the conviction of petit larceny and criminal contempt in the second degree.

Memorandum: On appeal from a judgment convicting him following a jury trial of 10 separate offenses stemming from multiple incidents, defendant contends, inter alia, that misconduct on the part of the prosecutor, Assistant District Attorney Jeffrey L. Taylor, requires reversal. Although defense counsel failed to object to any of the alleged acts of misconduct and thus failed to preserve defendant's present contention for our review (*see People v Paul*, 78 AD3d 1684, 1684-1685, *lv denied* 16 NY3d 834), we are nevertheless compelled to exercise our power to address it as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). This Court has repeatedly admonished Mr. Taylor for various acts of misconduct

(*People v Wildrick*, 83 AD3d 1455, 1458, *lv denied* 17 NY3d 803; *People v Morrice*, 61 AD3d 1390, 1391-1392; *People v Carter*, 31 AD3d 1167, 1169), yet the record on this appeal establishes that his misconduct has continued.  We again admonish Mr. Taylor and remind him that prosecutors have "special responsibilities . . . to safeguard the integrity of criminal proceedings and fairness in the criminal process" (*People v Santorelli*, 95 NY2d 412, 421).  With respect to the trial at issue on this appeal, however, we "cannot say that his [mis]conduct . . . jeopardize[d] the fairness of the trial" (*People v Johnson*, 62 AD2d 555, 560, *affd* 47 NY2d 785, *cert denied* 444 US 857; *see People v Alicea*, 37 NY2d 601, 603; *Paul*, 78 AD3d at 1685).

We reject defendant's further contention that he was denied effective assistance of counsel.  Viewing the evidence, the law and the circumstances of this case, in totality and as of the time of the representation, we conclude on the record before us on this appeal that defendant received meaningful representation (*see generally People v Flores*, 84 NY2d 184, 186-187; *People v Baldi*, 54 NY2d 137, 147).  Defense counsel investigated the allegations and presented a detailed alibi notice.  He made numerous pretrial motions, including one for severance.  He conceded counts for which the evidence was unassailable, but thoroughly defended against counts for which there was questionable evidence on the issue of identification.  As a result, defendant was acquitted of three charges.

We agree with defendant that County Court erred in admitting his cell phone records in evidence.  They were neither municipal records nor medical records, and thus they were not self-authenticating under CPLR 4518 (c) (*see People ex rel. Saafir v Mantello*, 163 AD2d 824, 825).  Furthermore, the records were not "so patently trustworthy as to be self-authenticating" (*People v Kennedy*, 68 NY2d 569, 577 n 4).  Because the People otherwise failed to present a foundation for the admission of the cell phone records under CPLR 4518 (a), they should have been excluded (*see People v Ramos*, 13 NY3d 914, 914-915).  We conclude, however, that any error in the admission of those records is harmless because the evidence of guilt is overwhelming and there is no significant probability that the error infected the verdict (*see People v Crimmins*, 36 NY2d 230, 241-242).

Defendant failed to preserve for our review his further contention that the court erred in admitting in evidence documentation related to repair work that was performed on the complainant's vehicle (*see People v Bell*, 286 AD2d 443).  We decline to exercise our power to address that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

With respect to the second count of the indictment, charging him with criminal mischief in the second degree (Penal Law § 145.10), defendant contends that the evidence is legally insufficient to establish that the damage to the complainant's vehicle exceeded $1,500.  Defendant failed to preserve that contention for our review, however, inasmuch as he did not raise it in his motion for a trial order of dismissal (*see People v Culver*, 34 AD3d 1270; *People v Chacon*, 11 AD3d 906, 906, *lv denied* 3 NY3d 755; *see generally People v*

*Gray*, 86 NY2d 10, 19).  Viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we reject defendant's further contentions that the verdict on that count is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495) and that he was entitled to an instruction on a lesser included offense (*see generally People v Glover*, 57 NY2d 61, 63-64).  There is no reasonable view of the evidence that would have supported a finding that the amount of the repairs to the complainant's vehicle was less than the statutory threshold such that he committed the lesser but not the greater offense.

With respect to the 11th and 12th counts of the indictment, charging defendant with grand larceny in the fourth degree and criminal contempt in the first degree, defendant contends that the evidence is legally insufficient to establish the value of the items that were stolen and damaged.  Even assuming, arguendo, that defendant failed to preserve those contentions for our review (*see generally Gray*, 86 NY2d at 19), we would nevertheless exercise our power to address them as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]; *People v Avino*, 34 AD3d 1251, 1252).  We agree with defendant that the evidence on the monetary value of the items allegedly stolen and damaged is legally insufficient to support the conviction of those crimes.

The sole evidence concerning the value of the items that were allegedly stolen was the testimony of the complainant, who estimated that the value of the two family rings that were stolen was "probably over 1500 [*sic*] to $2,000."  With respect to the clothing and other unidentified items that were taken, the complainant testified that the value of those items was "[a]t least 3500."  Indeed, we note that an officer investigating the burglary testified that the complainant had informed him that the jewelry that was taken "had very sentimental value to her but little monetary value.  The only other items missing were her jeans and panties."  It is well established that " '[c]onclusory statements and rough estimates of value are not sufficient' " to establish the value of a stolen item under Penal Law § 155.20 (1) (*People v Pallagi*, 91 AD3d 1266, 1269; *see People v Smith*, 289 AD2d 1056, 1058-1059, *lv denied* 98 NY2d 641; *see generally People v Lopez*, 79 NY2d 402, 404-405).

We therefore modify the judgment by reducing the conviction under count 11 to petit larceny (*see* CPL 470.15 [2] [a]), and we remit the matter to County Court for sentencing on that conviction (*see Avino*, 34 AD3d at 1254; *Smith*, 289 AD2d at 1058).  Based on our resolution of this issue, we do not address defendant's alternative contentions related to count 11.

With respect to count 12, the only evidence that the damage to the complainant's residence exceeded the monetary threshold required for criminal contempt in the first degree under Penal Law § 215.51 (d), was the testimony of a police investigator who stated that, based on his training and experience, the total amount of damage was "[p]robably around $500."  "[T]he witness'[s] general approximation of

the cost of repairing or replacing various property items was insufficient to establish the amount of damage" (*People v Brantley*, 186 AD2d 1036, 1036, *lv denied* 81 NY2d 785; *see People v Quigley*, 70 AD3d 1411, 1412; *People v Jackson*, 269 AD2d 867, *lv denied* 95 NY2d 798).  We therefore modify the judgment by reducing that conviction to criminal contempt in the second degree (§ 215.50 [3]), for which no proof of value is required (*see Quigley*, 70 AD3d at 1412), and we remit the matter to County Court for sentencing on that conviction as well.  Based on our resolution of this issue, we do not address defendant's alternative contention related to count 12.

Entered:  June 8, 2012                          Frances E. Cafarell
                                                Clerk of the Court