People v McKinney (2019 NY Slip Op 01903)





People v Mckinney


2019 NY Slip Op 01903


Decided on March 15, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CARNI, DEJOSEPH, AND CURRAN, JJ.


174 KA 16-00796

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
SHAMEIYA MCKINNEY, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PHILIP ROTHSCHILD OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (KENNETH H. TYLER, JR., OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered April 29, 2016. The judgment convicted defendant, upon a jury verdict, of assault in the first degree, leaving the scene of an incident without reporting personal injury, attempted assault in the first degree, menacing in the third degree and criminal possession of a weapon in the fourth degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting her, upon a jury verdict, of, inter alia, assault in the first degree (Penal Law § 120.10 [1]), attempted assault in the first degree
(§§ 110.00, 120.10 [1]), and leaving the scene of an incident without reporting personal injury (Vehicle and Traffic Law § 600 [2] [a]). The charges stem from an incident in which defendant drove her vehicle at a romantic rival, who jumped clear of impact. Defendant's vehicle, however, struck the romantic rival's friend, who was dragged underneath the vehicle for over 200 feet, causing serious physical injury and the stillbirth of that victim's 24-week-old fetus.
Defendant contends that the verdict with respect to the charges of assault in the first degree and attempted assault in the first degree is against the weight of the evidence inasmuch as she did not have the intent to cause serious physical injury to the victims. Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), and affording great deference to the jury's credibility determinations (see People v Romero, 7 NY3d 633, 644 [2006]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). The jury was entitled to infer defendant's criminal intent from the two victims' testimony that defendant drove her car directly at them, which was corroborated by surveillance video of the incident.
Defendant failed to preserve for our review her contention that she was deprived of a fair trial by prosecutorial misconduct inasmuch as she failed to object to the alleged error (see People v Paul, 78 AD3d 1684, 1684-1685 [4th Dept 2010], lv denied 16 NY3d 834 [2011]; People v Smith, 32 AD3d 1291, 1292 [4th Dept 2006], lv denied 8 NY3d 849 [2007]). In any event, defendant's contention lacks merit because the allegedly inflammatory remarks about the stillbirth of one victim's fetus were fair comment on the evidence (see generally People v Ashwal, 39 NY2d 105, 109-110 [1976]). Finally, the sentence is not unduly harsh or severe. We have reviewed defendant's remaining contention and conclude that it lacks merit.
Entered: March 15, 2019
Mark W. Bennett
Clerk of the Court