People v Young (2020 NY Slip Op 01825)





People v Young


2020 NY Slip Op 01825


Decided on March 13, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CURRAN, WINSLOW, AND BANNISTER, JJ.


1240 KA 19-01059

[*1]THE PEOPLE OF THE STATE OF NEW YORK, APPELLANT,
v
JONATHAN H. YOUNG, DEFENDANT-RESPONDENT. 






PATRICK E. SWANSON, DISTRICT ATTORNEY, MAYVILLE (JOHN ZUROSKI OF COUNSEL), FOR APPELLANT. 
THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (KAIXI XU OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Chautauqua County Court (David W. Foley, J.), dated February 8, 2019. The order suppressed certain statements made by defendant. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed and the indictment is dismissed.
Memorandum: The People appeal from an order granting that part of defendant's omnibus motion seeking to suppress certain statements that he made to members of the Pennsylvania State Police during the investigation of 12 different suspected arsons that were committed in Jamestown, New York. After members of the Jamestown Police Department interviewed defendant about two of the fires, defendant fled to Butler County, Pennsylvania, where he was arrested for allegedly committing another arson and other offenses.
On March 28, 2017, defendant participated in a preliminary arraignment in Pennsylvania (see Pa R Crim P 519 [A] [1]; 540), and the record supports the finding of County Court that defendant requested counsel during that proceeding. On April 4, 2017, members of the Jamestown Police Department traveled to Pennsylvania to interview defendant about the Jamestown arsons. Although the Jamestown police officers ultimately did not interview defendant themselves, they observed while Pennsylvania State Troopers interrogated defendant, in the absence of defense counsel, about the offenses allegedly committed in Pennsylvania. During that interrogation, the Pennsylvania State Troopers also questioned defendant about the New York offenses, and defendant made inculpatory statements about the Jamestown fires.
Contrary to the People's contention, we conclude that the Pennsylvania State Troopers improperly interrogated defendant about the New York offenses in violation of his indelible right to counsel. It is well settled that "once a defendant in custody on a particular matter is represented by or requests counsel, custodial interrogation on any subject, whether related or unrelated to the charge upon which representation is sought or obtained, must cease" (People v Steward, 88 NY2d 496, 501 [1996], rearg denied 88 NY2d 1018 [1996]; see People v Lopez, 16 NY3d 375, 382 [2011]; People v Rogers, 48 NY2d 167, 169 [1979]). Here, defendant's indelible right to counsel attached at the time of the preliminary arraignment by virtue of his request for counsel during that proceeding, and it was therefore improper for the Pennsylvania State Troopers to subsequently interview him about the New York offenses notwithstanding the fact that the public defender had not yet been assigned (see Steward, 88 NY2d at 501; People v Huntsman, 96 AD3d 1390, 1391-1392 [4th Dept 2012]). In reaching that conclusion, we note that even though the interview was carried out by Pennsylvania State Troopers, their interrogation is nevertheless subject to this state's right to counsel jurisprudence inasmuch as they were agents of the Jamestown police officers (see Lopez, 16 NY3d at 381 n 3; People v Bing, 76 NY2d 331, 344-345 [1990], rearg denied 76 NY2d 890 [1990]).
The People nevertheless contend that defendant's statements were not taken in violation of his indelible right to counsel because, prior to the April 4 interview, a Jamestown Police Department captain conducted a reasonable inquiry into defendant's representational status by asking the Pennsylvania State Troopers whether defendant was represented by counsel (see generally Lopez, 16 NY3d at 383). We reject that contention. The Court of Appeals has held that "an officer who wishes to question a person in police custody about an unrelated matter must make a reasonable inquiry concerning the defendant's representational status when the circumstances indicate that there is a probable likelihood that an attorney has entered the custodial matter, and the accused is actually represented on the custodial charge" (id.). Here, although the captain asked whether defendant was represented by counsel, based on this record, we conclude that the captain's inquiry was not reasonable inasmuch as he failed to ask whether defendant had requested counsel. Thus, all of the law enforcement officers "should be charged with the knowledge, actual or constructive, that defendant had requested counsel on the charges for which he had . . . been [preliminarily] arraigned" (Huntsman, 96 AD3d at 1391). Based on the foregoing, we conclude that the court properly granted that part of defendant's motion seeking to suppress his statements to the Pennsylvania State Troopers.
Entered: March 13, 2020
Mark W. Bennett
Clerk of the Court