■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN GROSSMAN, Appellant. (Appeal No. 1.)—Judgment unanimously affirmed. Memorandum: On appeal from a judgment of

conviction for first degree rape (Penal Law § 130.35 [1]) and first degree sodomy (Penal Law § 130.50 [1]), defendant's primary claim is that the trial court erred in its *Sandoval* ruling *(see, People v Sandoval,* 34 NY2d 371) by permitting the prosecutor to cross-examine him regarding whether he had perjured himself while testifying at a prior trial about crimes for which he had received immunity *(see, New Jersey v Portash,* 440 US 450, 459-460). Even assuming that use of this testimony for the purpose of impeachment was a "penalty or forfeiture" which defendant should not have suffered *(see,* CPL 50.10 [1]; *cf. Matter of Anonymous Attorneys,* 41 NY2d 506), on this record we find the error to be harmless. There was overwhelming evidence of defendant's guilt based on the victim's credible testimony and corroborative evidence of the injuries she sustained as well as medical evidence of the sexual acts charged *(see, People v Shields,* 46 NY2d 764; *People v Bostwick,* 92 AD2d 697). Moreover, at the time the challenged cross-examination occurred defendant had already been properly questioned concerning several prior bad acts, including instances in which defendant admittedly rendered perjured testimony. Thus, there is no reasonable possibility that the error contributed to defendant's conviction *(see, People v Crimmins,* 36 NY2d 230, 237). We have considered defendant's remaining claims submitted by his counsel and *pro se* and find each one lacking in merit. (Appeal from judgment of Supreme Court, Monroe County, Boehm, J.—rape, first degree, and sodomy, first degree.) Present—Callahan, J. P., Boomer, Green, Balio and Lawton, JJ.