■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS RIVERA, Appellant.—Judgment affirmed. Memorandum: On appeal from a judgment of conviction of first degree rape (Penal Law § 130.35 [1]), defendant's primary claim is that the trial court's admission of evidence of an uncharged crime constitutes reversible error. The trial court admitted testimony, over defendant's objection, that one-half hour prior to

the incident alleged in the indictment defendant pinched another woman and asked her for a ride to his motel. Even assuming that admission of the testimony was error, we find the error harmless on this record *(People v Crimmins,* 36 NY2d 230, 242). There was overwhelming evidence of defendant's guilt based on the victim's credible testimony and corroborative evidence of the sexual act alleged *(see, People v Grossman,* 125 AD2d 985, *lv denied* 69 NY2d 881). The victim testified that defendant approached her in the parking lot of her place of employment and asked her for a ride to his motel; that she refused his request; that defendant entered her car without permission and told her that he had a knife; that defendant directed her to drive to a secluded area; and that he forced her to engage in sexual intercourse. The victim was visibly upset and crying when she promptly reported the rape.

The victim's testimony was corroborated by defendant's voluntary statement that he approached the victim and asked her for a ride; that she "seemed scared of him"; that he directed her where to drive; that she initially refused his request for sex; and that he told her he had a knife. Defendant further admitted in his statement that he engaged in sexual intercourse with the victim although he claimed the act was consensual.

Given the overwhelming credible evidence of the rape and the inherent improbability of defendant's account, we find that admission of testimony concerning the earlier incident could not have contributed to defendant's conviction and, thus, was harmless.

We have examined defendant's remaining claims and find them to be without merit.

All concur, except Balio and Lawton, JJ., who dissent and vote to reverse and grant a new trial, in the following memorandum.

Balio and Lawton, JJ. (dissenting). We cannot agree with the majority's conclusion that the admission of evidence of defendant's uncharged crime of pinching another's woman's buttocks earlier that day, though error, was harmless. Complainant's testimony was the principal evidence that the intercourse was by forcible compulsion, rather than by consent as asserted by defendant. Further, complainant suffered no physical trauma or injuries and her clothing was undamaged. Additionally, it is admitted that the alleged knife was never displayed or recovered. As the conviction rests principally on assessing the credibility of defendant and complain-

ant, the evidence is not overwhelming and the error cannot be deemed harmless. *(People v Lewis,* 69 NY2d 321; *People v McKinney,* 24 NY2d 180, 184-186; *cf., People v Johnson,* 57 NY2d 969, 970). Additionally, as the introduction of this evidence would seriously prejudice defendant in the eyes of the jury by showing his criminal sexual propensities, we cannot conclude that there was no significant probability that the jury would have acquitted defendant but for this error *(People v Crimmins,* 36 NY2d 230, 242). (Appeal from judgment of Supreme Court, Monroe County, Mark, J.—rape, first degree.) Present—Dillon, P. J., Callahan, Denman, Balio and Lawton, JJ.