■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONNIE EARL CHARLESTON, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant was convicted of grand larceny in the second degree for his role in masterminding and assisting in the theft of more than $300,000 from his employer's van. The trial court did not abuse its discretion in permitting the People, as part of their direct case, to introduce evidence of prior uncharged crimes. The testimony of two witnesses regarding their involvement with defendant in prior unsuccessful attempts to commit the same crime was relevant, and the court properly concluded that the probative value of such evidence outweighed the risk of prejudice to defendant (see, People v Kampshoff, 53 AD2d 325, 335, cert denied 433 US 911). While the court erred in failing to conduct a Ventimiglia hearing (see, People v Ventimiglia, 52 NY2d 350) prior to the testimony of the second witness and failed to provide a

limiting instruction to the jury, these errors were harmless *(see, People v Cook,* 42 NY2d 204, 207; *People v Crimmins,* 36 NY2d 230, 242; *People v Rivera,* 132 AD2d 956, 957).

There is no merit to defendant's contentions that the trial court erred in refusing to charge that one of the witnesses, Ricky Cloud, was an accomplice as a matter of law *(see, People v Kampshoff,* 53 AD2d 325, 333, *supra)* or that defendant's sentence was harsh and excessive. Defendant, by failing to submit a timely written application, waived his challenge to the composition of the pool of prospective jurors *(see,* CPL 270.10 [2]). Lastly, the prosecutor offered race neutral explanations for excusing one black prospective juror, and the trial court properly denied defendant's challenge to the prosecutor's use of the peremptory challenge *(see, Batson v Kentucky,* 476 US 79, 97; *People v Scott,* 159 AD2d 975). (Appeal from Judgment of Supreme Court, Monroe County, Doyle, J.— Grand Larceny, 2nd Degree.) Present—Dillon, P. J., Boomer, Balio and Davis, JJ.