■ The People of the State of New York, Respondent, v Ray Diaz, Appellant. [59 NYS3d 30]—

Judgment, Supreme Court, New York County (Cassandra M. Mullen, J.), rendered May 8, 2014 convicting defendant, after a jury trial, of criminal sexual act in the first degree and sexual abuse in the first degree, and sentencing him to an aggregate term of 23 years, unanimously modified, as a matter of discretion in the interest of justice, to the extent of reducing the sentence on the conviction of criminal sexual act in the first degree to a term of 13 years, and otherwise affirmed.

Defendant's legal sufficiency claim is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. We also find that the verdict was not against the weight of the evidence.

Defendant argues that the convictions should be vacated as unsupported by legally sufficient evidence and against the weight of the evidence, because the jury inconsistently found him guilty on the criminal sexual act and sex abuse counts, but not responsible by reason of mental disease or defect on other counts charging burglary and robbery. He contends that the mental disease or defect defense should have been established as to all counts because all the charged acts were part of a single, brief chain of events, in which his mental condition could not have changed. He thus argues that the convictions should be replaced by insanity acquittals.

Regardless of whether it is viewed as a legal insufficiency claim or a repugnant verdicts claim, defendant's argument that the alleged inconsistency in the verdict rendered it legally defective was not raised at a time when it could have been cured by resubmission to the jury, and it is thus unpreserved (*see generally People v Gray*, 86 NY2d 10, 20-21 [1995]). In any event, as defendant appears to concede, the verdict was not legally repugnant (*see People v Muhammad*, 17 NY3d 532, 540 [2011]), because, under the court's charge, the jury could have found the affirmative defense established as to the burglary and robbery counts but not the criminal sexual act and sex abuse counts (*see People v Justice*, 173 AD2d 144 [4th Dept 1991]). As for the claim of insufficiency, we do not find that the factually mixed verdict undermines the convictions. "Factual inconsistency and legal insufficiency are analytically distinct," and "an acquittal is not a preclusive finding of any fact, in the same trial, that could have underlain the jury's determination" (*People v Abraham*, 22 NY3d 140, 146-147 [2013]). There is no reason to apply different principles when the mixed verdict consists of a combination of convictions and insanity acquittals. While we may consider an alleged factual inconsistency in

a verdict in performing our weight of the evidence review (*see People v Rayam*, 94 NY2d 557, 563 n [2000]), and weight of the evidence arguments do not require preservation (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]), we find it "imprudent to speculate concerning the factual determinations that underlay the verdict" (*People v Horne*, 97 NY2d 404, 413 [2002]; *see also People v Hemmings*, 2 NY3d 1, 5 n [2004]).

All of defendant's challenges to the court's charge are concededly unpreserved, and we do not find any mode of proceedings errors exempt from preservation requirements (*see People v Thomas*, 50 NY2d 467, 472 [1980]). We decline to review any of these claims in the interest of justice.

As an alternative holding, we also reject them on the merits. The charge, which followed the Criminal Jury Instructions, sufficiently conveyed to the jury the principle that unanimity was required in order to reject defendant's affirmative defense (*see People v Alejandro*, 127 AD3d 434 [1st Dept 2015], *lv denied* 26 NY3d 1142 [2016]). The court was not required to instruct the jury that it must find defendant not responsible on all counts if it found him not responsible on any count, because this affirmative defense could be "susceptible of partial, rather than total, success or failure" (*Justice*, 173 AD2d at 147). Finally, the instructions, viewed as a whole, did not convey to the jurors that once they reached a finding of guilt on a count, they were not permitted to revisit that determination.

Defendant's ineffective assistance of counsel claims are unreviewable on direct appeal because they involve matters not reflected in, or fully explained by, the record (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Love*, 57 NY2d 998 [1982]). Accordingly, since defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claims may not be addressed on appeal.

In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *Strickland v Washington*, 466 US 668 [1984]). Defendant has not shown that any of counsel's alleged deficiencies fell below an objective standard of reasonableness, or that, viewed individually or collectively, they deprived defendant of a fair trial or affected the outcome of the case. We have observed that an application to resubmit a mixed verdict to the jury may reasonably be deemed by counsel to be "futile, or even counterproductive" (*People v Ortiz*, 100 AD3d 419, 420 [1st Dept 2012], *lv denied* 20 NY3d 1014 [2013]). We also find that the absence of objections to the court's charge did

not deprive defendant of effective assistance, since nothing in the instructions at issue was constitutionally deficient or caused defendant any prejudice. Similarly, we do not find that any lack of preservation may be excused on the ground of ineffective assistance.

Finally, as to defendant's third point on appeal, we find the sentence excessive to the extent indicated (*see People v Delgado*, 80 NY2d 780, 783 [1992]). Concur—Renwick, J.P., Manzanet-Daniels, Mazzarelli and Webber, JJ.