People v Hernandez (2023 NY Slip Op 06222)

People v Hernandez

2023 NY Slip Op 06222

Decided on December 05, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 05, 2023

Before: Renwick, P.J., Kern, Gesmer, Shulman, O'Neill Levy, JJ. 

Ind. No. 8251/15 Appeal No. 1039&M-04591 Case No. 2023-04503 

[*1]The People of the State of New York, Respondent,
v
Robert Hernandez, Defendant-Appellant.

Patricia Pazner, Appellate Advocates, New York (Yaniv Cot of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn (Melissa Wachs of counsel), for respondent.

Judgment, Supreme Court, Kings County (Joanne D. Quinones, J.), rendered July 24, 2017, as amended July 26, 2017, convicting defendant, after a jury trial, of rape in the first degree, burglary in the first degree, robbery in the first degree, and assault in the second degree, and sentencing him to an aggregate term of 20 years, unanimously affirmed.
The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). The jury could reasonably have credited the victim's testimony, which was corroborated by the evidence of her injuries and the state of the apartment after the crimes, as well as the various witnesses' accounts of the victim's emotional state after the incident. Further, although he claimed that the act was consensual, defendant admitted to the police that he engaged in sexual intercourse with the victim despite being aware that she was scared, while his codefendant took the victim's belongings (see People v Rivera, 132 AD2d 956, 957 [4th Dept 1987]). The victim gave a reasonable explanation for her initial lies about how defendant came to be in her apartment, she told the truth within 24 hours, and her account of what happened was otherwise consistent. "Any inconsistencies in the victim's testimony were highlighted by defense counsel, and the jury's resolution of credibility issues with respect to the testimony of the victim is entitled to great deference" (People v DiTucci, 81 AD3d 1249, 1250 [4th Dept 2011], lv denied 17 NY3d 794 [2011]; see also People v Williams, 17 AD3d 203, 204 [1st Dept 2005], lv denied 4 NY3d 892 [2005]).
As to defendant's claim of an inconsistent verdict, "[w]hile we may consider an alleged factual inconsistency in a verdict in performing our weight of the evidence review . . . , we find it imprudent to speculate concerning the factual determinations that underlay the verdict" (People v Diaz, 152 AD3d 471, 472-473 [1st Dept 2017] [internal quotation marks omitted], lv denied 30 NY3d 1019 [2017]).
The court properly declined to give a missing witness charge with respect to the victim's madam (see generally People v Smith, 33 NY3d 454, 458-459 [2019]; People v Gonzalez, 68 NY2d 424, 427-428 [1986]). While the madam may be knowledgeable about material issues, she could not be expected to testify favorably to the People, especially in light of the illicit nature of her shared "business" with the victim, the victim's testimony that she had encouraged the victim to lie to the police, and the People's representation that she had told them that, if called to testify, she would lie or invoke the Fifth Amendment. Moreover, the madam's testimony would be cumulative of other evidence. In any event, any error was harmless in light of the overwhelming
evidence of defendant's guilt (see People v Crimmins, 36 NY2d 230 [1975]).
We perceive no basis for reducing the sentence.
M-2023-04591 People v Robert Hernandez Motion to transfer [*2]appeal to Second Department, denied.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 5, 2023