People v Frazier (2025 NY Slip Op 02553)

People v Frazier

2025 NY Slip Op 02553

Decided on April 29, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 29, 2025

Before: Kern, J.P., Kennedy, Friedman, Gesmer, Scarpulla, JJ. 

Ind. No. 416/18|Appeal No. 4205|Case No. 2019-4375|

[*1]The People of the State of New York, Respondent,
v
Jimmy Frazier, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Svetlana M. Kornfeind of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Steven A. Levy of counsel), for respondent.

Judgment, Supreme Court, New York County (Robert Mandelbaum, J.), rendered March 28, 2019, convicting defendant, after a jury trial, of robbery in the third degree, and sentencing him, as a second felony offender, to a prison term of 3 ½ to 7 years, unanimously affirmed.
The conviction of robbery in the third degree was not against the weight of the evidence because the jury could reasonably have concluded, based on the weight of the credible evidence, that defendant forcibly stole the victim's gold chain (see People v Danielson, 9 NY3d 342, 348-349 [2007]; see also People v Baque, 43 NY3d 26 [2024]; Penal Law § 160.05). The victim testified that the chain went missing after an encounter in which defendant demanded the chain, chased and punched the victim, and grabbed at his neck. The victim's testimony was also corroborated by a photograph taken of defendant by the victim; by the victim's contemporaneous police report, including the interviewing officer's recollection that the victim was scared and kept touching his lip and mouth; by the victim's wife's testimony that the victim could not eat solid foods and had a swollen jaw after the incident; and by the fact that defendant was wearing the same clothes upon arrest that he was wearing in the photograph taken by the victim. There is no basis to disturb the trial court's credibility determinations (see People v Williams, 17 AD3d 203, 204 [1st Dept 2005], lv denied 4 NY3d 892 [2005]).
Defendant's reliance on the fact that the jury acquitted him of robbery in the first and second degrees is unavailing. Although a factual inconsistency in the verdict may be considered in performing weight of the evidence review, courts have found it "imprudent to speculate concerning the factual determinations that underlay the verdict" (People v Diaz, 152 AD3d 471, 473 [1st Dept 2017], lv denied 30 NY3d 1019 [2017] [internal quotation marks omitted]), reasoning that "[i]t is equally possible that the jury, convinced of guilt . . . through mistake, compromise, or lenity, arrived at an inconsistent conclusion" (People v Rayam, 94 NY2d 557, 562-563 [2000] [internal quotation marks omitted]). The verdict was not at any rate necessarily inconsistent, as the jury could reasonably have concluded that defendant forcibly stole the victim's chain (as necessary for robbery in the third degree) without using a dangerous instrument (robbery in the first degree) or inflicting the "substantial pain" necessary to constitute physical injury (robbery in the second degree) (see People v Chiddick, 8 NY3d 445, 447-448 [2007]). To the extent defendant is raising a "masked repugnancy argument," that argument is unpreserved (see People v Johnson, 93 AD3d 408, 409 [1st Dept 2012], lv denied 19 NY3d 974 [2012], cert denied 568 US 951 [2012]), and is, in any event, unavailing (see generally People v Muhammad, 17 NY3d 532, 538-541 [2011]).
The court properly declined to submit petit larceny as a lesser included offense of robbery. There [*2]was no rational basis, without resort to speculation, upon which the jury could find that defendant took the chain without permission, but without the use of force (see People v Clinton, 99 AD3d 477, 478 [1st Dept 2012], lv denied 20 NY3d 1010 [2013]; Penal Law §§ 155.25, 160.05).
We have considered defendant's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 29, 2025